## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 29 2017, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jacob P. Wahl
Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James B. Weathers,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 29, 2017

Court of Appeals Case No.
63A01-1703-CR-683

Appeal from the Pike Circuit Court

The Honorable Jeffrey L. Biesterveld, Judge

Trial Court Cause No.
63C01-1611-F4-712

**Vaidik, Chief Judge.**

# Case Summary

[1] James B. Weathers snuck a razor blade into jail during the booking process because he wanted to harm himself. Later that same day, he attempted suicide in his holding cell. The State charged him with Level 4 felony possession of a deadly weapon while incarcerated. Following a plea agreement, the trial court sentenced him to the maximum term of twelve years. Weathers contends that his sentence is inappropriate because he did not intend to harm a fellow prisoner or prison staff. Because Weathers's goal was to harm himself, we find that the maximum sentence is inappropriate. We therefore remand this case to the trial court for the imposition of a sentence of ten years.

## Facts and Procedural History

[2] On October 28, 2016, Weathers was served with an arrest warrant for criminal-confinement and domestic-battery charges concerning his wife. *See* Appellant's App. Vol. II p. 48; Tr. Vol. II p. 15. He was serving a community-corrections sentence at the time. *See* Appellant's App. Vol. II p. 46; Tr. Vol. II p. 50. Suspecting that charges concerning his wife were forthcoming, Weathers had taped a razor blade to himself using two bandages so that he could commit suicide in jail. Tr. Vol. II pp. 15-16, 43. Weathers was booked into the Pike County Jail, and the razor blade apparently went undetected.

[3] That same day, Indiana State Trooper James Manning was in the dispatch area of the Pike County Jail when Weathers's cell mate alerted dispatch that there was an issue. Trooper Manning and other officers responded to the holding cell, where they saw blood "everywhere." *Id.* at 38. Weathers was leaning

against the wall, with most of his body on the ground. Weathers was slipping in and out of consciousness and was in "fairly bad shape." *Id.* at 44. Trooper Manning removed a tourniquet from his belt and applied it to Weathers's left arm.[1] An ambulance was called.

[4] Thereafter, the State charged Weathers with Level 4 felony possession of a deadly weapon while incarcerated. In February 2017, Weathers and the State entered into a plea agreement. According to the plea agreement, Weathers agreed to plead guilty as charged, and the State agreed to dismiss "all pending matters" against him—which included the charges involving his wife as well as a charge in a second cause number—and to modify the sentence in a third cause number to "time served." Appellant's App. Vol. II p. 36. Sentencing was left to the discretion of the judge after hearing argument from counsel.

[5] At the March 2017 sentencing hearing, evidence was presented that Weathers had attempted suicide on a second occasion in December 2016 while in DOC custody. *Id.* at 50; Tr. Vol. II pp. 17, 27. Indeed, at the time of the sentencing hearing, Weathers was housed in the psychiatric unit at New Castle Correctional Facility, a DOC facility, because of his suicide attempts. Appellant's App. Vol. II p. 43. Weathers testified that he was currently taking Zyprexa and Prozac and was a "totally different person" than he was when he tried to kill himself. Tr. Vol. II p. 18. The trial court identified the following

---

[1] Trooper Manning did not have any gloves on him at the time and did not put any on. As a result of his exposure to Weathers's blood, Trooper Manning underwent a battery of tests, which came back negative.

aggravators: (1) Weathers's criminal history (nine felonies and two misdemeanors) (2) the IRAS assessment showed that he was at a high risk to reoffend; (3) prior lenient treatment had failed; (4) taping the razor blade to his body required planning; (5) Weathers's suicide attempt at the jail affected people other than himself; and (6) he violated his community-corrections placement. The court identified one mitigator: Weathers pled guilty. The trial court sentenced him to the maximum term of twelve years.

[6] Weathers now appeals his sentence.

# Discussion and Decision

[7] Weathers contends that his twelve-year sentence is inappropriate and asks us to modify it to "less than the maximum." Appellant's Br. p. 11. Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)).

[8] Weathers does not claim that there are redeeming aspects to his character that warrant a reduction in his sentence. Rather, his argument focuses on the nature of the offense:

> While the threat of harm to law enforcement was present, harm to law enforcement occurs every time a prisoner possesses a weapon, and such harm is greater in degree when the prisoner attacks other inmates or prison staff. While Weathers did place corrections officers at risk, his action[s] are arguably less harmful than the risk involved in a typical prisoner in possession of a deadly weapon case . . . .

Appellant's Br. pp. 10-11. We agree. The evidence in this case is that Weathers intended to use the razor blade only on himself. *See* Tr. Vol. II p. 45 (Trooper Manning testifying that they did not find any evidence that Weathers "tried to harm anybody but himself"). Indeed, Weathers used the razor blade on himself the very day that he was booked into jail. In other words, he did not store the razor blade in jail for a period of time, thereby increasing the risk of danger to others. When Trooper Manning found Weathers in the holding cell, he was slipping in and out of consciousness and in "fairly bad shape." Given that Weathers tried to kill himself (for which he is now receiving effective mental-health treatment), we find that the maximum sentence is inappropriate. We therefore remand this case to the trial court for the imposition of a sentence of

ten years.[2]  *See* Ind. Code § 35-50-2-5.5 (providing that the sentencing range for a Level 4 felony is two to twelve years, with an advisory sentence of six years).

[9]  Reversed and remanded.

Mathias, J., and Crone, J., concur.

---

[2] Weathers also argues that the trial court abused its discretion in not identifying as an additional mitigator that the crime is unlikely to reoccur given the mental-health treatment that he is receiving.  This is closely related to his inappropriateness argument, and even if we were to separately address it and agree with him, we would still impose a sentence of ten years.