# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 01 2018, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender's Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Andrew A. Kobe
Section Chief, Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ericka Jeanne Fouch,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 1, 2018

Court of Appeals Case No.
18A-CR-907

Appeal from the Clark Circuit Court

The Honorable Vicki L. Carmichael, Judge

Trial Court Cause No.
10C04-1709-F1-06

**Vaidik, Chief Judge.**

# Case Summary

[1] Ericka Fouch appeals her sentence of eighteen years (with three of those years suspended to probation) for causing the deaths of her two young children while operating a vehicle with methamphetamine and marijuana in her blood. We affirm.

# Facts and Procedural History

[2] On the afternoon of June 28, 2017, Fouch drove an SUV into the path of an oncoming train in Henryville, causing a collision and the death of her two children, five-year-old Adalynn and four-year-old Wyatt. Immediately after the accident, Fouch "admitted to doing drugs within the past hour," Appellant's App. Vol. II p. 59, and subsequent testing revealed the presence of methamphetamine and marijuana in her blood.

[3] In September 2017, the State charged Fouch with two counts of neglect of a dependent resulting in death, a Level 1 felony; two counts of causing the death of another person when operating a vehicle with a controlled substance listed in schedule I or II of Indiana Code chapter 35-48-2 or its metabolite in her blood, a Level 4 felony; and one count of driving while suspended, a Class A infraction. A few months later, Fouch and the State agreed that the neglect charges would be dismissed and that Fouch would plead guilty to the other three charges, leaving sentencing to the discretion of the trial court.

[4]  In sentencing Fouch, the trial court found the following aggravating factors: (1) Fouch's criminal history; (2) the age of the victims; (3) Fouch was in a position of "having care and custody of those victims"; and (4) "this tragedy very well could have been avoided had [Fouch] continued or sought treatment prior to this incident occurring." Tr. p. 36. The court found as mitigating factors that Fouch "took responsibility and took responsibility early in this case" and that "incarceration of the defendant would cause an undue hardship to her family members, specifically her grandparents who she has been caring for since she has been on pre-trial release." *Id.* Finding that the aggravators outweigh the mitigators, the trial court imposed consecutive nine-year sentences for the two operating counts, with three years suspended to probation on one of the counts, for a total sentence of eighteen years—fifteen years to serve with the Department of Correction and three years suspended to probation. (The court also imposed a $500 fine for driving while suspended.)

[5]  Fouch now appeals her sentence.

# Discussion and Decision

[6]  Fouch challenges the trial court's finding of aggravators and mitigators and argues that her sentence is inappropriate.

# I. Aggravators and Mitigators

Our trial courts enjoy broad discretion in identifying aggravating and mitigating factors, and we will reverse only for an abuse of that discretion. *Coy v. State*, 999 N.E.2d 937, 946 (Ind. Ct. App. 2013).

Fouch first argues that the trial court abused its discretion by finding her criminal history to be an aggravating circumstance. We disagree. The pre-sentence investigation report indicates that Fouch had two prior felony convictions (receiving stolen property and theft) and three prior misdemeanor convictions (acquiring a controlled substance by fraud, theft, and conversion). The felony and controlled-substance convictions came more than seven years before the offenses in this case, but that is not such a long period of time that the trial court was required to disregard them. To the extent Fouch challenges the **weight** the trial court gave to the criminal-history aggravator, that is not a matter we can review. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007); *see also Gellenbeck v. State*, 918 N.E.2d 706, 712 (Ind. Ct. App. 2009).

We also reject Fouch's argument that the trial court abused its discretion by failing to find three additional mitigating factors: that she "turned herself in," that she "expressed extreme remorse," and that "her risk expressed for reoffending is low." Appellant's Br. p. 10. We are confident that the first fact is covered by the trial court's finding that she "took responsibility and took responsibility early in this case." That finding also covers Fouch's expression of

remorse—at the sentencing hearing, when Fouch's lawyer talked about her remorse, he did so as part of his argument that Fouch had taken responsibility for her actions. *See* Tr. pp. 28 ("I would ask the Court to assign a mitigating factor that [Fouch's] taking responsibility for her actions, that she is repentant and contrite today."), 29 ("[Fouch] is taking responsibility for her actions as much as she possibly can at this point, given all of the unfortunate tragic circumstances in this case. She is repentant, she is contrite and I would ask the Court to give significant weight to that."). And we think the trial court acted well within its discretion when it declined to find that Fouch presents a low risk of reoffending. The court's rejection of that mitigator was reasonable in light of Fouch's criminal history, including a drug-related conviction, as well as the fact that she was given probation for most of her prior convictions and failed to take advantage of those previous opportunities for rehabilitation, as evidenced by her continued use of illegal drugs all the way up until the accident.

## II. Inappropriate Sentence

[10] Fouch also argues that her sentence is inappropriate and asks us to revise it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391

(Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)).  Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate.  *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[11]    Initially, we note that in exchange for Fouch's guilty plea on the two Level 4 felony operating counts, the State agreed to drop the two Level 1 felony neglect counts.  If Fouch had been convicted on the latter counts, she would have faced a sentence of up to forty years on each count.  *See* Ind. Code § 35-50-2-4.  Because of the State's agreement to drop those charges, Fouch's exposure dropped to twelve years on each operating count.  *See* Ind. Code § 35-50-2-5.5.  Her ultimate sentence was nine years on each count—halfway between the advisory sentence of six years and the maximum sentence of twelve years— with three years suspended on one of the counts, for a total of eighteen years with fifteen years to serve.  The trial court also recommended Fouch for placement in the Purposeful Incarceration program, successful completion of which could lead to a sentence modification.  *See Marley v. State*, 17 N.E.3d 335, 338 n.1 (Ind. Ct. App. 2014), *trans. denied*.

[12]    In arguing that this sentence is inappropriate, Fouch seriously downplays the nature of her offenses.  Not only did she have methamphetamine and marijuana in her blood—she admitted that she had done drugs shortly before the accident.  Not only did she drive after doing drugs—she drove with a suspended license.  And her victims were her two young children who were in her sole care and

custody at the time of the crash—facts that Fouch makes no mention of in her brief.

[13] As for Fouch's character, she is by no means a "bad" person or a hardened criminal. There seems to be no dispute that she had a tough upbringing with little support from her parents and started using illegal drugs at a young age. As an adult, she has provided care for her grandfather with dementia. She turned herself in after being charged, and she pled guilty not long after being charged. But Fouch's criminal history, while certainly not the worst we have seen, is still troubling, particularly the two felony convictions and the drug conviction. And the significance of her guilty plea is tempered by the fact that it came only after the State agreed to dismiss more serious charges.

[14] Fouch has not convinced us that her sentence is inappropriate.

[15] Affirmed.

Riley, J., and Kirsch, J., concur.