

**FILED**

May 18 2016, 8:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel J. Vanderpool
Vanderpool Law Firm, PC
Warsaw, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Joshua Schaaf,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 18, 2016

Court of Appeals Case No.
85A04-1506-CR-796

Appeal from the Wabash Circuit
Court

The Honorable Robert R.
McCallen, III, Judge

Trial Court Cause No.
85C01-1407-FA-624

**Vaidik, Chief Judge.**

# Case Summary

Joshua Schaaf appeals his convictions and sentence for two counts of dealing heroin. We conclude that the State presented sufficient evidence to support Schaaf's convictions. However, we find that his forty-year sentence is inappropriate in light of the nature of his offenses. Therefore, we remand this matter to the trial court with instructions to impose a sentence of thirty years.

# Facts and Procedural History

The basic facts are undisputed. The charges against Schaaf arose from his role in two controlled drug buys. In April 2014, Schaaf drove Randall Conliff to a gas station, where a confidential informant entered Schaaf's pickup and, while Schaaf looked on, gave Conliff $50.00 in exchange for 10/100ths of a gram of heroin. Based on that transaction, the State charged Schaaf with dealing in a narcotic drug as a Class B felony (Count I). *See* Ind. Code Ann. § 35-48-4-1(a)(1) (West 2012). The next month, the same confidential informant went to Conliff's house to buy more heroin from Conliff. However, Conliff turned him away, and he ended up buying 8/100ths of a gram of heroin for $50.00 from Schaaf, who also happened to be present. Because Conliff's house was within 1000 feet of a public park (actually, two public parks), the dealing charge for this second transaction was enhanced to a Class A felony (Count II). *See id.* at (b)(3)(B)(ii). A jury found Schaaf guilty on both counts.

[3] In sentencing Schaaf, the trial court found no mitigating circumstances but three aggravating circumstances: (1) Schaaf's criminal history; (2) the fact that a seventeen- or eighteen-year-old male (possibly Conliff's cousin) was present during the second transaction; and (3) the fact that Schaaf had not succeeded on probation in the past. The trial court imposed sentences of fifteen years on Count I and forty years on Count II and ordered them to run concurrently, for a total sentence of forty years.

# Discussion and Decision

[4] Schaaf argues that the evidence is insufficient to support his two convictions. He also contends that, even if his convictions stand, his sentence is inappropriate.

## I. Sufficiency of the Evidence

[5] In reviewing the sufficiency of the evidence supporting a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Wilson v. State*, 39 N.E.3d 705, 716 (Ind. Ct. App. 2015), *trans. denied*. We do not reweigh the evidence or assess witness credibility. *Id.* We consider conflicting evidence most favorably to the verdict. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

## A. Count I (First Transaction)

Schaaf asserts that the State failed to prove he was anything more than a bystander with regard to the first transaction and that we must therefore reverse his conviction on Count I. In response, the State concedes that Schaaf did not personally deliver the heroin to the confidential informant, but it contends that it presented sufficient evidence for the jury to find Schaaf guilty as Conliff's accomplice. We agree with the State.

Indiana's accomplice-liability statute provides, in part, "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense[.]" Ind. Code § 35-41-2-4. Under this statute, an individual who aids another person in committing a crime is as guilty as the actual perpetrator. *Specht v. State*, 838 N.E.2d 1081, 1093 (Ind. Ct. App. 2005), *trans. denied*. The statute does not set forth a separate crime, but merely provides a separate basis of liability for the crime that is charged. *Id.* at 1092. That is, a person can be charged as a principal and convicted as an accomplice. *Id.*

Furthermore, a person can be convicted as an accomplice even if he did not participate in each and every element of the crime. *Id.* at 1093. Our Supreme Court has identified four factors that can be considered by the fact-finder in determining whether a defendant aided another in the commission of a crime: (1) presence at the scene of the crime; (2) companionship with another engaged in a crime; (3) failure to oppose the commission of the crime; and (4) the course

of conduct before, during, and after the occurrence of the crime. *Wieland v. State*, 736 N.E.2d 1198, 1202 (Ind. 2000). Here, all four factors weigh heavily in favor of Schaaf's guilt on Count I.

[9]     It is undisputed that Schaaf was present at the scene of the crime, that he and Conliff were companions who spent significant time together, and that he failed to oppose the crime. Most probative, though, is Schaaf's conduct before and during the crime. Conliff called the confidential informant shortly before they were supposed to meet, told him that he was with Schaaf, and proposed that they meet at Schaaf's house. Hearing this, Schaaf interjected and suggested that the meeting happen at a particular gas station. Conliff and the confidential informant agreed, and Schaaf took Confliff to the gas station. Upon arrival, Schaaf allowed the confidential informant into his pickup and sat calmly as Conliff and the informant completed the exchange. While Schaaf did not participate in the actual exchange, he brought the two participants together and provided them with a place to conduct their business.

[10]     In challenging the sufficiency of the evidence on Count I, Schaaf relies exclusively on his own testimony. Specifically, Schaaf testified that he thought he and Conliff were just going somewhere to get high and that he did not know Conliff was planning to sell heroin to the person they were meeting along the way. However, the jury clearly did not believe Schaaf, and we will not second guess that credibility determination or otherwise reweigh the evidence. *Wilson*, 39 N.E.3d at 716. We affirm Schaaf's conviction on Count I.

## B. Count II (Second Transaction)

[11]     With regard to Count II, Schaaf does not deny that there is evidence that he sold heroin to the confidential informant or that the transaction occurred within 1000 feet of a public park. Rather, he contends that the enhancement from a Class B felony to a Class A felony based on the proximity to the park should be vacated because the State did not prove that he *knew* he was within 1000 feet of a public park.

[12]     Schaaf acknowledges that our Supreme Court held in *Walker v. State* that proximity to a particular location during a drug deal is a strict-liability element, meaning that the defendant need not be aware of the proximity. 668 N.E.2d 243, 244-45 (Ind. 1996) (addressing enhancement based on proximity to school); *see also Whatley v. State*, 928 N.E.2d 202, 205 (Ind. 2010) ("In *Walker*, we held that presence in a school-zone was a strict-liability element."). However, he asks that we "reexamine" the holding in *Walker* in light of the 2014 amendments to Indiana's criminal code, which he says established a knowledge requirement for the proximity enhancements applicable. *See, e.g.*, Pub. L. 158-2013, § 622 (eff. July 1, 2014); Pub. L. 168-2014, § 91 (eff. July 1, 2014); Pub. L. 226-2014(ts), § 6 (eff. July 1, 2014); Pub. L. 44-2016, § 2 (eff. July 1, 2016). But even if Schaaf is correct about the effect of the amendments (an issue we do not reach), those amendments did not go into effect until July 1, 2014, nearly two months after Schaaf's offense. Therefore, the State properly charged Schaaf under the pre-amendment version of Indiana Code section 35-

48-4-1, and *Walker* controls our resolution of Schaaf's claim. We affirm his conviction on Count II.[1]

## II. Sentence

[13] Schaaf argues that even if we affirm his convictions, we should reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Because we generally defer to the judgment of trial courts in sentencing matters, *Norris v. State*, 27 N.E.3d 333, 335-36 (Ind. Ct. App. 2015), defendants have the burden of persuading us that their sentences are inappropriate, *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)).

[14] On Count I, a Class B felony, Schaaf faced a sentencing range of six to twenty years, with an advisory sentence of ten years. Ind. Code Ann. § 35-50-2-5(a) (West 2012). The trial court imposed a sentence of fifteen years. On Count II,

---

[1] To the extent that Schaaf asks us to overrule our Supreme Court's holding in *Walker*, we cannot do so. *See, e.g., Candler v. State*, 837 N.E.2d 1100, 1105 n.6 (Ind. Ct. App. 2005) ("[W]e are bound by our Supreme Court's decisions[.]"), *reh'g denied*.

a Class A felony, Schaaf faced a range of twenty to fifty years, with an advisory sentence of thirty years. Ind. Code Ann. § 35-50-2-4(a) (West 2012). The trial court imposed a sentence of forty years, to run concurrently with the fifteen years on Count I.[2]

[15] We agree with the trial court that Schaaf's criminal history, which includes six felonies and six misdemeanors, is a significant aggravating circumstance. However, his offenses in this case were relatively minor as drug deals go: both sales were to a confidential informant, both were monitored by law enforcement, and both involved very small amounts of heroin. In addition, Schaaf did not personally deliver the drugs in the first transaction, and the second transaction was not the result of active solicitation by Schaaf but of a failed police operation targeted at Conliff. We conclude that while Schaaf's criminal history would make below-advisory sentences inappropriately lenient, the nature of his offenses renders his above-advisory sentences inappropriately harsh. Therefore, we remand this matter to the trial court with instructions to impose advisory sentences of ten years on Count I and thirty years on Count II

---

[2] As noted above, on July 1, 2014, less than three months after Schaaf committed his offenses, significant amendments to Indiana's drug laws went in to effect. *See* Pub. L. 158-2013; Pub. L. 168-2014; Pub. L. 217-2014; Pub. L. 226-2014(ts). If Schaaf had committed his offenses on or after that date, Count I would have been a Level 5 felony subject to a sentencing range of one to six years, and Count II would have been a Level 4 felony subject to a sentencing range of two to twelve years. *See* Ind. Code § 35-50-2-6(b) ("A person who commits a Level 5 felony (for a crime committed after June 30, 2014) shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years."); Ind. Code § 35-50-2-5.5 ("A person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years."). However, our legislature enacted savings clauses that specifically prohibit courts from taking the statutory changes into consideration when addressing offenses committed before July 1, 2014. *See Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014) (citing Ind. Code §§ 1-1-5.5-21 and -22), *trans. denied*.

and to run the two sentences concurrently, for a total sentence of thirty years. *Cf. Norris*, 27 N.E.3d at 336 (reducing twenty-year sentence to twelve years with four suspended where defendant "sold ten hydrocodone tablets for $60 to a confidential informant during a controlled buy that was closely monitored by the police").

[16] Affirmed in part and reversed and remanded in part.

Barnes, J., concurs.

Mathias, J., concurs in part and dissents in part in a separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Schaaf, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | Court of Appeals Case No. <br> 85A04-1506-CR-796 |

**Mathias, Judge, concurring in part and dissenting in part**

[17]     I agree that Schaaf's convictions are supported by sufficient evidence. However, with all due and great respect for my colleagues, I respectfully dissent with regard to the majority's decision to revise Schaaf's sentence. The forty-year sentence imposed was less than the maximum, and giving due deference to the trial court, I believe the sentence was not inappropriate in light of the offender's character. Ind. App. R. 7(B); *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007).