## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 04 2016, 10:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mary Davis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 4, 2016

Court of Appeals Case No.
84A01-1605-CR-1214

Appeal from the Vigo Superior Court

The Honorable Michael Rader, Judge

Trial Court Cause No.
84D05-1404-FD-1038

**Vaidik, Chief Judge.**

# Case Summary

[1]     Mary Davis appeals her three-year sentence for operating a vehicle while intoxicated as a Class D felony, arguing that it is inappropriate in light of the nature of the offense and her character.  We disagree and affirm.

# Facts and Procedural History

[2]     In April 2014, Davis was seen driving erratically by police in Terre Haute and was arrested and charged with operating while intoxicated (OWI).  Because she had been convicted on a separate OWI charge just three weeks earlier, the new charge was a Class D felony.  *See* Ind. Code Ann. § 9-30-5-3 (West 2012).  In October 2014, Davis and the State entered into an Adult Mental Health Court Deferral Agreement ("Deferral Agreement"), pursuant to which Davis pled guilty to the charge but was not sentenced and would have the charge dismissed if she completed the Adult Mental Health Program under the supervision of the Vigo County Mental Health Court.

[3]     In January 2016, Davis was convicted in Clay County of three new crimes she committed in late 2015:  domestic battery as a Level 6 felony, OWI as a Level 6 felony, and leaving the scene of an accident as a Class B misdemeanor.  As a result, the State filed a petition to revoke the Deferral Agreement in the Vigo County case.  The Vigo County court granted the motion, entered a judgment of conviction based on Davis' earlier guilty plea, and imposed the maximum sentence of three years in prison.  The court ordered that Davis "be placed in

Purposeful Incarceration in the Therapeutic Community" and said that it would consider a sentencing modification if Davis "successfully completes a Department of Correction Therapeutic Community." Appellant's App. p. 55.

[4] Davis now appeals.

# Discussion and Decision

[5] Davis asks us to reduce her sentence pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)).

[6] Davis contends that her three-year sentence—the maximum allowed for a Class D felony, *see* Ind. Code Ann. § 35-50-2-7 (West 2012)—is inappropriate because her offense was an unremarkable OWI and because she is a product of her circumstances, not a person of poor character. We agree that there was nothing

particularly egregious about Davis' offense—she made "unsafe lane movements," struck the curb, and failed to use her turn signal, and her BAC was .12 percent. Appellant's App. p. 35. We also acknowledge her sad personal history. According to her pre-sentence investigation report, Davis was sexually and physically abused by her stepfather, was sexually abused by her brothers and stepbrother, first experimented with alcohol at age five and drugs at age thirteen, attended school until only ninth grade, has been married and divorced eight times, had all three of her children taken from her, has no friends, has no assets or bank accounts, has a history of mental illness, and has attempted suicide.

[7] Unfortunately for Davis, she did not leave the trial court with much of a choice here. This was her seventh OWI conviction, the sixth having come just three weeks earlier. She had a total of fourteen prior criminal convictions, including seven felonies. She was given an opportunity to participate in a mental-health program and have this case dismissed entirely, and while she apparently did well for a year, she then committed two new felonies, including yet another OWI. It is also undisputed that Davis has a history of failed attempts at probation, community corrections, and alcohol and drug-treatment programs. Finally, it may well be that Davis will not have to serve the full three years imposed by the trial court, since the court made clear that it would consider a sentencing modification if Davis successfully completes a Department of Correction Therapeutic Community. In light of Davis' criminal history and the

realistic possibility of a sentence reduction, we cannot say that the sentence imposed by the trial court is inappropriate.

[8]     Affirmed.

Baker, J., and Najam, J., concur.