## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2018, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carlos Humberto Prieto,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 14, 2018

Court of Appeals Case No.
18A-CR-1672

Appeal from the Marshall Superior Court

The Honorable Robert O. Bowen

Trial Court Cause No.
50D01-1612-F1-6

**Vaidik, Chief Judge.**

# Case Summary

[1] Carlos Prieto appeals his thirty-year sentence for Level 1 felony child molesting, arguing that it is inappropriate in light of the nature of his offense and his character. We disagree and affirm.

# Facts and Procedural History

[2] The following facts are taken from the Affidavit of Probable Cause, which Prieto stipulated is accurate. In December 2016, forty-five-year-old Prieto was living in Culver with his girlfriend and her five-year-old daughter, L.S. Prieto had known L.S. since she was a toddler, and he had been living with her and her mother since at least July 2016. On December 17, L.S.'s mother went out and left L.S. at home with Prieto. When L.S.'s mother returned, L.S. asked, "[I]s it okay if Carlos licks my vagina, again?" Appellant's App. Vol. II p. 17. L.S. went on to say that Prieto had "licked her vagina today" and "licked her vagina another time[.]" *Id.* L.S.'s mother confronted Prieto, who initially denied the allegations but later said, "I should've told you about this." *Id.* He added that he "licked L.S.'s vagina . . . at L.S.'s request." *Id.* Prieto was taken into custody the same night, and he admitted that he had "kissed [L.S.'s] vagina" three or four weeks earlier. *Id.* at 18.

[3] The State charged Prieto with four counts: Count I, Level 1 felony child molesting ("other sexual conduct" on December 17, 2016); Count II, Level 4 felony child molesting ("fondling or touching" on December 17, 2016); Count

III, Level 1 felony child molesting ("other sexual conduct" between November 1 and December 16, 2016); and Count IV, Level 4 felony child molesting ("fondling or touching" between November 1 and December 16, 2016). *Id.* at 22-23. In November 2017, Prieto and the State entered into a plea agreement under which Prieto would plead guilty to Count I and the State would dismiss the remaining counts, with sentencing left to the discretion of the trial court.

[4] At the sentencing hearing, the trial court heard statements from both Prieto and L.S.'s mother. Prieto said that he "was just trying to be a father" and that he "just gave [L.S.] a kiss. That's all." Tr. pp. 16, 20. The trial court explained that it was finding two mitigating circumstances: (1) the fact that Prieto pled guilty, "saving the victim's family and victim from going through a trial," and (2) Prieto's lack of criminal history. *Id.* at 24. The court also found three aggravating circumstances: (1) L.S.'s age "was significantly less than what was required for a conviction of a Level 1 Felony," (2) Prieto violated the trust of both L.S. and her mother, and (3) Prieto failed to show "a lot of remorse." *Id.* at 24-25. The court found that "the aggravating circumstances do outweigh the mitigating" but nonetheless sentenced Prieto to serve the advisory sentence of thirty years with the Indiana Department of Correction. *Id.* at 25-26. In a written sentencing order issued the same day, the court omitted the third aggravator (lack of remorse) and stated that "[t]he aggravating and mitigating circumstances balance," but it reiterated the thirty-year sentence. Appellant's App. Vol. II pp. 119-20.

[5] Prieto now appeals.

# Discussion and Decision

[6] Prieto argues that his sentence is inappropriate and asks us to revise it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[7] Before addressing Prieto's arguments, we note that he was facing a much longer potential sentence. The sentencing range for Level 1 felony child molesting involving a defendant who is twenty-one or older and a victim under twelve is twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(c). Prieto received the advisory sentence, despite the trial court having found two (or three) aggravating circumstances. Moreover, Prieto easily could have been convicted of a second Level 1 felony. L.S. reported that he had "licked her vagina another time," and Prieto admitted to police that he "kissed [L.S.'s] vagina" three or four weeks before December 17. Therefore, the dismissal of Count III was a significant benefit to Prieto.

[8] Still, Prieto contends that his advisory sentence of thirty years is inappropriate. He first emphasizes his lack of criminal history. This is no doubt an important consideration. However, that fact must be weighed against the disturbing circumstances of Prieto's offense. As the trial court noted, L.S. was only five years old, much younger than required for a child-molesting conviction, and Prieto was in a position of trust with both L.S. and her mother. L.S.'s mother stated at the sentencing hearing that Prieto's abuse has necessitated extensive counseling for L.S. Prieto also notes that he made expressions of remorse at the sentencing hearing. That is true, but those expressions are belied by other statements he made, i.e., that he "was just trying to be a father" and that he "just gave [L.S.] a kiss. That's all." He also deflected blame early on, explaining to L.S.'s mother that he acted at five-year-old L.S.'s "request." Given the troubling nature of Prieto's crime and his failure to truly accept responsibility, Prieto has not carried his burden of persuading us that the advisory sentence of thirty years is inappropriate.

[9] Affirmed.

Mathias, J., and Crone, J., concur.