## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 14 2019, 7:47 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Russell R. Rossman, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 14, 2019 <br><br> Court of Appeals Case No. 18A-CR-2215 <br><br> Appeal from the Bartholomew Circuit Court <br><br> The Honorable Kelly S. Benjamin, Judge <br><br> Trial Court Cause No. 03C01-1802-F6-755 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Russell R. Rossman pled guilty to two counts of Level 6 felony theft, and the trial court sentenced him to concurrent terms of two-and-a-half years, the maximum sentence allowed by the plea agreement. Rossman now appeals, arguing that his sentence is inappropriate. We disagree and therefore affirm.

# Facts and Procedural History

[2] In December 2017, Rossman, while at the Columbus Regional Hospital, took six laptop computers belonging to the hospital and one laptop computer belonging to a hospital visitor, all without the owners' permission. Rossman was caught, and the computers were returned to the owners. The State charged Rossman with two counts of Level 6 felony theft (one count elevated because the value of the property was at least $750 and the other count elevated due to Rossman's prior criminal-conversion conviction). Thereafter, the State and Rossman entered into a plea agreement, which provided that Rossman would plead guilty as charged, the sentences would run concurrently, and the State would dismiss an unrelated cause number.

[3] At the sentencing hearing, Rossman apologized for taking the computers, explaining that he had done so to support his fourteen-year meth addiction. Despite his drug-related criminal history, Rossman claimed that just "last night," an inmate made it clear to him: if he uses meth, he will be back in jail. Tr. p. 24. The trial court identified three aggravators: (1) Rossman has a

criminal history, including three felony convictions (theft, manufacturing methamphetamine, and trafficking in a controlled substance with an inmate) and four misdemeanor convictions (criminal conversion, public intoxication, operating while intoxicated, and battery); (2) he has violated his probation twice; and (3) he has been offered drug treatment but did not take advantage of it. The court identified no mitigators. The court acknowledged that Rossman pled guilty in this case but did not identify it as a mitigator based on the "big benefit" he received by virtue of concurrent sentences in this case and the dismissal of an unrelated cause number. *Id.* at 31. Accordingly, the court sentenced Rossman to the maximum term of two-and-a-half years on each count and, per the plea agreement, ordered the sentences to run concurrently.

Rossman now appeals his sentence.

# Discussion and Decision

Rossman contends that his two-and-a-half-year sentence is inappropriate in light of his character and the nature of the offenses and asks us to revise it to one-and-a-half years.

Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity

of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Because we generally defer to the judgment of trial courts in sentencing matters, defendants bear the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[7] We agree with Rossman that the nature of the offenses is "not particularly heinous." Appellant's Br. p. 10. Rossman stole laptop computers from a hospital and a hospital visitor. And, as Rossman points out, the computers were returned to the owners.

[8] As for Rossman's character, he concedes that he cannot, "in good faith," challenge the aggravators that the trial court identified. *Id.* However, he claims that the fact that he expressed remorse for his actions and "**now** understands that he must stay away from methamphetamine" supports the revision of his sentence to one-and-a-half years. *Id.* at 11 (emphasis added). The evidence shows, however, that Rossman has had numerous chances to stay away from meth but has not done so. As the trial court outlined, Rossman has served time in the Department of Correction, been placed on probation five times, violated probation two times, and undergone drug treatment. Rossman's most recent probation violation, from 2015, was for using meth. He was sent back to the DOC to serve the remainder of his sentence and was released from prison in the fall of 2016. After his release, Rossman resumed using meth and, about a year later, committed these thefts in order to support his ounce-a-day meth habit. Although Rossman expressed remorse at the sentencing hearing, the trial court

found that he was "lying" during his apology and told him to "[s]top making excuses." Tr. p. 31. Rossman has not met his burden of persuading us that his sentence is inappropriate. We therefore affirm the trial court.

[9]     Affirmed.


Mathias, J., and Crone, J., concur.