## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 13 2019, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Timothy P. Broden<br>Lafayette, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Sarah J. Shores<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Walter Kenneth Cobbs II,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 13, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1705<br><br>Appeal from the<br>Tippecanoe Superior Court<br><br>The Honorable<br>Steven P. Meyer, Judge<br><br>Trial Court Cause No.<br>79D02-1904-F5-46 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Walter Kenneth Cobbs II appeals his sentence for Level 5 felony intimidation with a deadly weapon and Class A misdemeanor carrying a handgun without a license, arguing that it is inappropriate in light of the nature of his offenses and his character. We affirm.

# Facts and Procedural History

[2] On the night of March 26, 2019, Cobbs and Marcell Smith were at an apartment together, and Cobbs pointed a handgun at Smith to get him to leave. The next day, Cobbs and Smith saw each other outside the Howarth Center, a building in Lafayette that houses various non-profit agencies. The two briefly fought before Cobbs drew his gun and fired a round. There is conflicting evidence as to whether Cobbs was aiming at Smith, but Smith was not hit. Cobbs fled the scene and stashed the gun outside a nearby house. Police quickly apprehended Cobbs, and he brought them to the gun.

[3] Based on the March 27 incident, the State charged Cobbs with Level 5 felony attempted battery with a deadly weapon, Level 5 felony intimidation with a deadly weapon, Level 6 felony pointing a firearm, Level 6 felony criminal recklessness, and Class A misdemeanor carrying a handgun without a license. Cobbs and the State then entered into a plea agreement under which Cobbs pled guilty to the intimidation and carrying-a-handgun charges, the State

dismissed the other three charges, and sentencing was left to the discretion of the trial court.

[4] In sentencing Cobbs, the trial court found four aggravating factors:

> the seriousness of the offense (gun was loaded); the repetitive conduct (used the same gun the night before to intimidate the same people); he attempted to conceal his involvement in the crime by hiding a loaded handgun in a residential area under a bush near a home where it could have been found by a child or another member of the community; and this incident happened at the Howarth Center, a community center which houses not-for-profit agencies that provide help to less fortunate people.

Appellant's App. Vol. II p. 14. The court also found four mitigating factors: Cobbs has no criminal history; he has some mental-health issues; he accepted responsibility; and he expressed remorse. The court found that the aggravating factors outweigh the mitigating factors and sentenced Cobbs to three years for the intimidation conviction and a concurrent term of one year for the carrying-a-handgun conviction. The court ordered Cobbs to serve one year in the Department of Correction and suspended the other two years to probation, with the first year of probation to be served through Tippecanoe County Community Corrections.

[5] Cobbs now appeals.

# Discussion and Decision

[6] Cobbs contends that his sentence is inappropriate and asks us to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[7] Cobbs pled guilty to Level 5 felony intimidation and Class A misdemeanor carrying a handgun without a license. For a Level 5 felony, the sentencing range is one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6. For a Class A misdemeanor, a defendant faces a sentence of up to one year. Ind. Code § 35-50-3-2. As such, Cobbs faced up to seven years in prison. The trial court imposed a total sentence of three years—the advisory sentence for the Level 5 felony and a concurrent sentence of one year for the Class A misdemeanor—and suspended two of the three years to probation, with the first year of probation to be served on community corrections.

[8] Cobbs argues that his sentence is inappropriate because of the mitigating factors identified by the trial court (no criminal history, mental-health issues, acceptance of responsibility, and expression of remorse) and because he brought officers to the gun after he was apprehended. However, he acknowledges that the other circumstances of his offenses made them particularly serious. He pointed the gun at the same person the previous night. He committed his crimes at the Howarth Center, which houses nonprofit agencies that provide services for less-fortunate people. He not only drew the gun (which would have been enough for Level 5 felony intimidation, *see* Ind. Code § 35-45-2-1(b)(2)(A)) but fired it. And after the shooting, he left the gun outside a house, where, as the trial court noted, it could have been found by a child or another person. Notwithstanding the seriousness of Cobbs's crimes, the trial court imposed the advisory sentence of three years and then suspended two of those years to probation.

[9] Cobbs also notes that "all [his] support mechanisms are in the State of South Carolina where he has a large and close knit family, was mentored by a youth pastor at his church and had a part-time job at McDonald's for five (5) years." Appellant's Br. p. 10. But the trial court took this fact into consideration and said that it "would approve the transfer of Defendant's Probation to South Carolina upon completion of the Defendant's executed sentence." Appellant's App. Vol. II p. 15.

[10] Cobbs has not convinced us that his sentence is inappropriate.

Affirmed.

Najam, J., and Tavitas, J., concur.