## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 15 2020, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scott A. Ruhlander,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 15, 2020

Court of Appeals Case No.
19A-CR-2841

Appeal from the
Tippecanoe Superior Court

The Honorable
Randy J. Williams, Judge

Trial Court Cause No.
79D01-1801-F5-10

**Vaidik, Judge.**

# Case Summary

[1] Scott A. Ruhlander appeals his six-year sentence for Level 5 felony operating a motor vehicle after privileges were forfeited for life, arguing that it is inappropriate. We affirm.

# Facts and Procedural History

[2] Ruhlander has a history of traffic violations dating back to 1991. Most notably, he has been convicted of operating a motor vehicle after his privileges were forfeited for life six times. While on probation for this crime in Cass County, an officer found Ruhlander driving a car once more. On January 10, 2018, an officer with the Lafayette Police Department saw a car with suspicious license plates in the parking lot of a Village Pantry. When the car left the parking lot, the officer conducted a routine traffic stop. When the officer approached the car, he found Ruhlander behind the wheel. Ruhlander admitted that he was aware his driving privileges were forfeited for life at the time of the traffic stop.

[3] The State charged Ruhlander with Level 5 felony operating a motor vehicle after privileges were forfeited for life. After posting bond, Ruhlander failed to appear at his original guilty-plea hearing in May 2018, and a warrant was issued for his arrest. App. Vol. II p. 7. Over a year later, in July 2019,

Ruhlander was arrested for resisting law enforcement in Carroll County, at which time the warrant in this case was served.[1]

[4]     In August 2019, Ruhlander pled guilty as charged. At the sentencing hearing, evidence was presented about Ruhlander's criminal history, which spans forty years. *Id.* at 47. Specifically, Ruhlander has twelve felony convictions and eleven misdemeanor convictions. Most relevant to this case, Ruhlander has seven convictions for driving while suspended and six convictions for operating a motor vehicle after privileges were forfeited for life (1995, 1999, 2002, 2006, 2011, 2012). For his 2012 conviction, Ruhlander was sentenced to eight years, with four years executed in the Department of Correction and four years suspended to probation. Ruhlander was still on probation for his 2012 conviction when he committed the offense in this case. In addition, twelve petitions to revoke Ruhlander's probation have been filed, with at least seven being found true.[2]

[5]     The trial court found five aggravators: Ruhlander has an extensive criminal history, he was charged with resisting law enforcement after posting bond in this case, he failed to appear for his original guilty-plea hearing, he consumed alcohol after posting bond, and previous attempts at rehabilitation have failed. *Id.* at 18. The court found four mitigators: Ruhlander's guilty plea, his service in

---

[1] The resisting charge was dismissed in November 2019. *See* Cause No. 08D01-1907-CM-000220.

[2] A petition to revoke Ruhlander's probation was filed in the 2012 case, and it is still pending. *See* Cause No. 09D02-1105-FC-000021.

the National Guard, his employment history, and his familial support. The court sentenced Ruhlander to six years, with five years executed (three years in the Department of Correction and two years on community corrections) and one year suspended to probation. *Id.*

[6] Ruhlander now appeals his sentence.

# Discussion and Decision

[7] Ruhlander contends that his sentence is inappropriate in light of the nature of the offense and his character. He asks us to revise his sentence to six years with three years executed in the Department of Correction and three years suspended to probation.

[8] Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[9] A person who commits a Level 5 felony must be imprisoned for a fixed term of between one and six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6. The trial court sentenced Ruhlander to six years, with five years executed and one year suspended to probation.

[10] We agree with Ruhlander that there is nothing particularly egregious about the nature of the offense. However, his character justifies his above-advisory sentence. At the time of the traffic stop, Ruhlander had six convictions for operating a motor vehicle after privileges were forfeited for life and was on probation for committing that offense in 2012. When Ruhlander was on bond in this case, he failed to appear for a May 2018 hearing, and he remained at large for more than a year, until he was arrested for resisting law enforcement in July 2019. In addition, twelve petitions to revoke Ruhlander's probation have been filed, seven of which have been found to be true. As the trial court aptly stated, "previous attempts at rehabilitation have failed." Tr. p. 33. Given Ruhlander's extensive criminal history, including six convictions for the very same offense and the fact that he was on probation for the same offense when he was arrested in this case, we find that his sentence is not inappropriate.[3]

[11] Affirmed.

---

[3] Ruhlander claims that the two-year community-corrections portion of his sentence is "illusory" because he owes money to community corrections and if he can't pay the money, he will have to serve those two years in the DOC instead. Appellant's Br. p. 7. But even if Ruhlander has to serve five years in the DOC instead of three, we would still find that his sentence is not inappropriate because his 2012 conviction for the same crime resulted in a four-year sentence to the DOC.

May, J., and Robb, J., concur.