ATTORNEY FOR APPELLANT

John Kindley
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Catherine Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jerry Wayne Smith,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 28, 2020

Court of Appeals Case No.
20A-CR-672

Appeal from the
Vermillion Circuit Court

The Honorable
Jill D. Wesch, Judge

Trial Court Cause Nos.
83C01-1806-CM-177
83C01-1908-CM-140



FILED

Aug 28 2020, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

**Vaidik, Judge.**

# Case Summary

[1] Jerry Wayne Smith appeals his sentence for Class A misdemeanor resisting law enforcement, arguing that it is inappropriate in light of the nature of the offense and his character. We agree and remand this matter to the trial court for the imposition of a reduced sentence.

# Facts and Procedural History

[2] In June 2018, when Smith was sixty-four years old and had no criminal record, the State charged him with three counts of Class A misdemeanor criminal trespass, alleging that he had trespassed at an IGA grocery store in Clinton. *See* Case No. 83C01-1806-CM-177 ("CM-177"). The trial court issued a no-contact order prohibiting Smith from contacting a juvenile female who worked at the store. In September 2018, while CM-177 was still pending, the State charged Smith with Class A misdemeanor invasion of privacy for violating the no-contact order. *See* Case No. 83C01-1809-CM-296 ("CM-296"). In October 2018, Smith pled guilty to the three counts of trespass in CM-177. The trial court sentenced Smith to 365 days, with 34 days to serve and 331 days suspended to probation. CM-296 remained pending.

[3] In August 2019, while Smith was still on probation in CM-177 and on pretrial release in CM-296, there was a report that he drove into the side of a Dollar General store and then drove away. The next evening, officers located Smith walking. After a short conversation regarding the Dollar General incident,

officers attempted to arrest Smith for leaving the scene. He led them on a short foot pursuit before being apprehended. As a result of this incident, the State charged Smith with Class A misdemeanor resisting law enforcement and Class B misdemeanor leaving the scene of an accident. *See* Case No. 83C01-1908-CM-140 ("CM-140"). Based on these charges, the State also filed a motion to revoke his probation in CM-177.

[4]  In February of this year, Smith pled guilty to resisting law enforcement in CM-140 and invasion of privacy in CM-296 and admitted to violating his probation in CM-177. The State dismissed the charge of leaving the scene of an accident in CM-140. Sentencing was left to the discretion of the trial court.[1]

[5]  At sentencing, Smith's attorney highlighted his age and declining physical and mental health. Smith suffers from "severe" prostate cancer, which causes "a lot of pain" and for which he says he requires "essential surgery." Tr. p. 80. Furthermore, Smith's attorney noted that although Smith had not been formally diagnosed with any mental illness, his actions in the community and his in-court testimony suggested mental-health issues. Smith testified to some strange beliefs, including that he possessed pictures of extraterrestrial sites and knew "wild codes" to a house with a "white limestone moon door." *Id.* at 97.

---

[1] In December 2019, the State charged Smith with Level 6 felony criminal trespass, Case No. 83C01-1912-F6-196, and two counts of Level 6 felony intimidation, Case No. 83C01-1912-F6-200. These cases are still pending and are currently set for jury trial next month.

Smith also reported seeing red laser beams and that he believed his neighbor was attempting to kill him with a "gun laser beam." *Id.* at 90. Deputy James Miller of the Vermillion County Sheriff's Department testified that, in November 2019, Smith called law enforcement and rambled incoherently, claiming to be "the next prophet" and finishing the call by saying "happy hunting." *Id.* at 67. Deputy Miller also detailed that Smith was prohibited from going onto a local resident's property, which Smith stated he believed contained an "archeological find." *Id.* at 76, 87. Finally, both Deputy Miller and Smith testified about an incident in December 2019, in which Smith and his wife fled their home and erratically drove through multiple counties, believing they were being chased by the aforementioned neighbor with the laser-beam gun. Despite these alarming signs and admissions from both Smith's attorney and the State that Smith's behavior was indicative of some mental-health problem, Smith has never undergone a mental-health evaluation during his criminal proceedings.[2]

[6] In CM-296 (the invasion-of-privacy case), the trial court sentenced Smith to time served, 44 days. Based on his probation violation in CM-177, the trial court ordered Smith to serve all his remaining suspended time, 277 days. In CM-140 (the resisting-law-enforcement case), the trial court sentenced Smith to 365 days, with 180 days to serve and 185 days suspended to probation,

---

[2] While Smith was ordered to receive a mental-health evaluation while on pretrial release in CM-296 in October 2018, Tr. p. 30, it appears from the record that no evaluation or counseling ever occurred, *id.* at 83.

consecutive to the 277 days in CM-177. As a condition of probation, Smith was ordered to have a mental-health evaluation and follow all recommendations.

[7] Smith now appeals his sentence for the resisting-law-enforcement conviction.[3]

# Discussion and Decision

[8] Smith contends that his sentence of 365 days, with 180 days to serve, for resisting law enforcement is inappropriate given that he was also ordered to serve all 277 days of suspended time in CM-177. He asks us to revise his sentence to 365 days fully suspended to probation pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters,

---

[3] Although Smith included the cause number for the probation-revocation case, CM-177, in his notice of appeal, he is not challenging his probation sanction of 277 days.

defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[9] Smith pled guilty to resisting law enforcement as a Class A misdemeanor. "A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year . . . ." Ind. Code § 35-50-3-2. Here, the trial court sentenced Smith to 365 days, with 185 days suspended to probation, leaving him to serve 180 days.

[10] Smith's offense was relatively minor on the spectrum of resisting law enforcement. Smith, a sixty-five-year-old man in poor physical health, led officers on a short foot pursuit and was quickly apprehended. There is no evidence in the record that Smith's act of resisting injured anyone else or damaged any property.

[11] Furthermore, the record does not suggest that Smith is a person of poor character. To be sure, his behavior over the past two years has been troubling. But by all accounts, Smith was a law-abiding citizen until age sixty-four, when he began committing a series of misdemeanor offenses. These offenses, combined with Smith's actions in the community and testimony in court, strongly suggest declining mental health. Smith has repeatedly demonstrated odd behavior, including his incoherent call to Deputy Miller, his erratic driving to avoid being chased by his neighbor, and his repeated trespass onto a property he believed to be an archeological site. Smith's in-court testimony is similarly concerning. His lengthy sentencing testimony included ramblings on aliens, the

Bible, Revelations, and other irrelevant and sometimes incoherent thoughts. This evidence leads us to believe Smith's recent criminal acts are just as much the result of deteriorating mental health as they are of genuine criminal intent. Smith is also in poor physical health, having been diagnosed with prostate cancer. Moreover, Smith's wife is physically disabled and relies on him as her primary caretaker.

[12] For these reasons, Smith has convinced us that a 365-day sentence, with 185 suspended to probation and 180 days to serve consecutive to the 277 days for the probation violation, is inappropriate. We therefore reverse and remand to the trial court to impose a sentence of 365 days, with 20 days to serve and 345 days suspended to probation. Smith will be on probation for 345 days and, as already ordered by the trial court, will be required to undergo a mental-health evaluation and follow all recommendations.

[13] Reversed and remanded.

Bailey, J., and Baker, Sr.J., concur.