## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 14 2020, 8:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Arturo Rodriguez II
Rodriguez Law, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rudy L. Space, | October 14, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A-CR-1115 |
| v. | Appeal from the Warren Circuit Court |
| State of Indiana, | The Honorable Hunter J. Reece, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 86C01-1909-F6-75 |

**Vaidik, Judge.**

# Case Summary

Rudy Space pled guilty to Level 6 felony identity deception and being a habitual offender, and the trial court sentenced him to two years for the felony enhanced by two years for being a habitual offender. Space now appeals his sentence, arguing it is inappropriate. We affirm.

# Facts and Procedural History

On September 13, 2019, an Indiana State Police trooper came upon a disabled car and two men along the side of a road in Warren County. The trooper stopped to help and asked the men "for identification." Appellant's App. Vol. II p. 10. Neither man had an identification card. However, one man verbally identified himself as Anthony Jennings and provided a date of birth. The other man—the defendant in this case, Rudy Space—verbally identified himself as "Roger Space" but hesitated before providing a date of birth and couldn't provide a social-security number. The trooper ran the name "Roger Space" and the birthday given but "was unable to get a return." *Id.* Space admitted he had given his cousin's first name because he thought there was a warrant for his arrest. He then provided his correct name, date of birth, and social-security number.

The State charged Space with Level 6 felony identity deception and being a habitual offender. On September 16, Space was released on his own recognizance subject to numerous pretrial conditions, including that he attend

all court hearings and "[m]aintain good and lawful behavior." *Id.* at 12. Space, however, failed to appear at hearings in October and November. After the second failure to appear, a warrant was issued for Space's arrest in November 2019. Also in November 2019, Space was charged with felony sex-offender-registry violation in Illinois. He pled guilty to that offense in December 2019 and was sentenced to 180 days executed and three years of probation. *Id.* at 32. Space was then arrested on the outstanding warrant in this case in January 2020. In March 2020, Space and the State entered into a plea agreement under which Space agreed to plead guilty as charged. According to the plea agreement:

> [A]ny executed sentence shall not exceed four and one-half (4 1/2) years. Any sentence in excess of four and one-half (4 1/2) years shall be required to be suspended. The Defendant shall be sentenced as deemed appropriate by the Court.

*Id.* at 24.

[4] At the sentencing hearing, evidence was presented about Space's "significant" criminal history. Tr. pp. 9, 17. Specifically, Space had eight felony convictions and one misdemeanor conviction (domestic battery) when he committed the offense in this case. According to the PSI, the eight felony convictions include two convictions for possession of a controlled substance in 2001 (Illinois), aggravated criminal sexual abuse in 2011 (Illinois), a federal conviction for conspiracy to commit robbery in 2014, and four convictions for failure to report

weekly/no fixed address in 2018 (Illinois).[1] For these convictions, Space has spent time in both state and federal prison. In addition, Space has violated his probation several times, including in the federal case. The State recommended a sentence of eight years with four-and-a-half years executed, and Space asked for the minimum sentence of two-and-a-half years. The trial court found two aggravators: (1) Space's criminal history and (2) his "recent[] violat[ion] [of] conditions of probation, parole, pardon, community corrections or pretrial release." Appellant's App. Vol. II p. 39. The court found one mitigator: Space's guilty plea. The court sentenced Space to two years enhanced by two years for being a habitual offender, all executed. The court recommended Therapeutic Community and said if Space completed the program, it would consider a modification of his sentence.

[5] Space now appeals his sentence.

# Discussion and Decision

[6] Space contends his four-year sentence is inappropriate and asks us to revise it to three years with one year suspended under Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the

---

[1] At the sentencing hearing, Space argued he had only four prior felony convictions. Specifically, he claimed he had only one conviction for failure to report weekly/no fixed address instead of four and that he had only one conviction for possession of a controlled substance instead of two. Even if Space had only four prior felony convictions, our result would be the same.

sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants must persuade us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[7] A person who commits a Level 6 felony shall be imprisoned for a fixed term of between six months and two-and-a-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b). "The court shall sentence a person found to be a habitual offender to an additional fixed term that is between . . . two (2) years and six (6) years, for a person convicted of a Level 5 or Level 6 felony." Ind. Code § 35-50-2-8(i). However, the plea agreement capped the executed portion of the sentence at four-and-a-half years. The trial court sentenced Space to an above-advisory term of two years enhanced by the minimum term of two years for being a habitual offender, resulting in a four-year executed sentence.

[8] We agree with Space that "[t]here are no egregious facts or actions" in this case. Appellant's Br. p. 10. When a police officer stopped to help Space, he gave his cousin's first name but then provided his name shortly thereafter.

[9]     Space's character, however, supports his four-year executed sentence. It is true Space pled guilty and was employed when he committed the offense in this case. However, he has a "significant criminal history." Tr. p. 17. Although three of Space's felony convictions were used to support his habitual-offender enhancement (possession of a controlled substance, aggravated criminal sexual abuse, and conspiracy to commit robbery), he has other felony convictions plus a misdemeanor conviction for domestic battery. In addition, Space has served time in both state and federal prison and has violated his probation on several occasions. Notably, while he was on pretrial release in this case, he failed to appear at two hearings and was charged with and pled guilty to a felony—his ninth—in Illinois. Despite being given numerous opportunities to reform, Space has repeatedly demonstrated that he will not.

[10]    Nevertheless, Space claims "[i]ncarceration should not have been the answer to address his problems"; rather, he "needs treatment to address his longstanding substance abuse issues." Appellant's Br. p. 12. Although the PSI notes that Space abused alcohol and marijuana, Space presented **no** evidence of his substance-abuse issues at the sentencing hearing. Moreover, the trial court said it would consider a modification of Space's sentence if he completed Therapeutic Community. Space has failed to persuade us that his four-year executed sentence—with the chance of having it modified—is inappropriate. We therefore affirm the trial court.

[11]    Affirmed.

Bailey, J., and Weissmann, J., concur.