## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 14 2019, 7:07 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brooke D. Shelton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 14, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1261<br><br>Appeal from the Lawrence<br>Superior Court<br><br>The Honorable William G. Sleva,<br>Judge<br><br>Trial Court Cause No.<br>47D02-1710-F3-1590 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Brooke Shelton was convicted of Level 3 felony aggravated battery for stabbing a man with a knife. The trial court sentenced her to sixteen years, with thirteen years to serve and three years suspended to probation. Shelton appeals her sentence, arguing that it is inappropriate in light of the nature of her offense and her character. We disagree and affirm.

# Facts and Procedural History

[2] In May 2016, Shelton started dating Rebecca Nunn. The two were still together when, in September 2017, Rebecca began seeing her neighbor, Matthew Lawson. Suffice it to say, Shelton and Matthew did not get along. In the early morning hours of October 17, 2017, Shelton went to Rebecca's house. Rebecca went outside to talk to Shelton on the front porch. While they were on the porch, Matthew left his house and walked toward Rebecca's house, leading to a violent altercation between Shelton and Matthew. Shelton stabbed Matthew in the back and the side, and Matthew inflicted various injuries on Shelton. The State charged Shelton with Level 3 felony aggravated battery and Level 5 felony battery with a deadly weapon but did not charge Matthew with a crime.

[3] A jury trial was scheduled for March 2018, and Shelton filed a notice that she intended to claim self-defense. At trial, the State presented evidence that as Matthew approached the porch Shelton "jumped up" from her seat and "lunged" at him with a knife in her hand, Tr. Vol. IV pp. 135-37, that Shelton

stabbed Matthew in the back, and that Matthew fought back, resulting in the injuries to Shelton (and the stab wound to Matthew's side). Shelton offered a very different version of events, testifying that Matthew tackled her to the ground and started beating her, prompting her to take her knife out of her pocket and stab him in self-defense.

[4] The jury rejected Shelton's claim of self-defense and found her guilty as charged. The trial court merged the battery-with-a-deadly-weapon count into the aggravated-battery count. In sentencing Shelton on the aggravated-battery conviction, the trial court identified one aggravating circumstance—Shelton's criminal history—and no mitigating circumstances. The court imposed a sentence of sixteen years, with thirteen years to serve and three years suspended to probation.

[5] Shelton now appeals, challenging her sentence but not her conviction.

# Discussion and Decision

[6] Shelton contends that her sentence is inappropriate and asks us to revise it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other

factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[7] We begin by addressing Shelton's repeated assertion that she received the "maximum sentence" for Level 3 felony aggravated battery. Appellant's Br. pp. 4, 5, 11, 12, 16, 17. That is incorrect. Indiana Code section 35-50-2-5 provides that a person who commits a Level 3 felony "shall be imprisoned for a fixed term of between three (3) and sixteen (16) years, with the advisory sentence being nine (9) years." As such, the maximum sentence for a Level 3 felony is a sentence of sixteen years in prison. Here, the trial court imposed a sentence of sixteen years, but it suspended three of those years to probation, meaning that Shelton will have to serve thirteen years in prison (minus credit time), not sixteen years, if she does not violate the terms of her probation. That is not the maximum sentence. *See Jenkins v. State*, 909 N.E.2d 1080, 1085-86 (Ind. Ct. App. 2009) ("[F]or purposes of Rule 7(B) review, a maximum sentence is not just a sentence of maximum length, but a *fully executed* sentence of maximum length."), *trans. denied*; *see also Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010) ("We decline to narrowly interpret the word 'sentence' in Appellate Rule 7 to constrict appellate courts to consider only the appropriateness of the aggregate length of the sentence without considering also whether a portion of

the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge.").

[8]     With that in mind, we address the nature of Shelton's offense and her character. Shelton does not dispute that this was a serious crime with serious consequences. When Shelton saw Matthew approaching, she "jumped up" from her seat, "lunged" at Matthew with a knife in her hand, and stabbed him in the back. As a result of the attack, Matthew had to be airlifted to a hospital and, according to his victim-impact statement, had to be hospitalized twice more in the months that followed, had to have emergency surgery, and "almost died." Appellant's App. Vol. II p. 212.

[9]     Nor does Shelton dispute that her lengthy criminal history reflects poorly on her character. Most notably, this was not the first time Shelton stabbed someone. In 2013, she was convicted of Class D felony criminal recklessness after stabbing her stepfather. She claims that she did so in self-defense, but the felony conviction suggests otherwise. In addition to that conviction, Shelton had two juvenile adjudications (theft in 2002 and alcohol consumption in 2003) and eleven misdemeanor convictions (public intoxication in 2005, trespass in 2006 (reduced from felony residential entry), public intoxication in 2009, operating while intoxicated in 2010, criminal conversion in 2010 (reduced from felony theft), resisting law enforcement in 2011, public intoxication in 2014, trespass in 2015, visiting a common nuisance and possession of paraphernalia in 2016, and theft in 2017). Shelton also had numerous probation violations in relation to those convictions, including the conviction for the earlier stabbing.

[10] Nonetheless, Shelton argues that her sentence is inappropriate for two reasons. First, she asserts that Matthew provoked her to attack. She does not cite any actual trial testimony in support of this assertion. Even Shelton did not testify that Matthew provoked her—she testified that Matthew violently attacked her and that she stabbed him in self-defense, a claim that the jury rejected. Still, Shelton contends that "the jury did not believe that [she] acted without provocation." Appellant's Br. p. 16. In support of this claim, she cites her own attorney's closing argument at the sentencing hearing. There, her attorney noted that, after trial, a juror remarked that the prosecutor "didn't charge enough people." Tr. Vol. VI p. 164. Needless to say, the fact that **a juror** believed that Matthew should have been charged with something does not mean that **the jury**, as a whole, believed that Matthew provoked Shelton.

[11] Shelton's primary argument, though, is that she has experienced significant trauma that explains both her actions in this case and her criminal history. She says that her mother was an addict who paid little attention to her and who was abusive and dated abusive men; that her biological father was in prison for most of her life and raped her when she was 10 or 11 and again when she was 21 or 22; that her stepfather was very abusive and once shot at her mother with a shotgun; that her family moved frequently and that she attended seven different schools before she was expelled during her freshman year in high school; and that she was diagnosed with ADD, bipolar disorder, and depression. She says that she started experimenting with alcohol and marijuana when she was 10, that she later abused Xanax and started using cocaine and meth, and that she

used drugs daily from the time she was 16 until the time of the attack on Matthew. She says that one of her drug suppliers, with whom she was living at the time, fired a gun at her. She says that she was diagnosed with PTSD after stabbing her stepfather. Shelton contends that her criminal history "reflected her serious addiction to drugs and her abusive relationship with her stepfather," Appellant's Br. p. 12, and that she perceived Matthew as a threat and overreacted because of her history of being abused by men.

[12] We agree with the trial court that the past Shelton describes is horrific. Tr. Vol. VI p. 169 ("[I]t clearly has been chaotic, and a life, if all true, no one would want to go through[.]"). However, we also agree with the trial court's conclusion that Shelton's past, "in and of itself, does not, in any way, justify what the jury found was a non-defense-related attack on this victim with a knife, causing substantial injury." *Id.* The purpose of 7(B) review is to "leaven the outliers." *Cardwell*, 895 N.E.2d at 1225. Given the seriousness of Shelton's crime, her prior felony conviction for a stabbing and her other criminal history, and her failure to take advantage of previous opportunities for rehabilitation, her above-advisory sentence of sixteen years with three years suspended is not an outlier.

[13] Affirmed.

Mathias, J., and Crone, J., concur.