## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 25 2019, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anna M. Bischoff,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 25, 2019

Court of Appeals Case No.
18A-CR-2565

Appeal from the Ripley Circuit
Court

The Honorable Ryan J. King,
Judge

Trial Court Cause No.
69C01-1712-F2-11

**Vaidik, Chief Judge.**

# Case Summary

[1] Anna M. Bischoff pled guilty to Level 3 felony dealing in methamphetamine. The trial court sentenced her to fourteen years, with twelve years to serve and two years suspended to probation. Bischoff appeals her sentence, arguing that it is inappropriate in light of the nature of her offense and her character. We disagree and affirm.

# Facts and Procedural History

[2] On December 6, 2017, Kenneth Cardinal was arrested at his house. The next day, a concerned citizen called the police to report that two people were at Cardinal's house even though he was in jail. The police went to Cardinal's house and found Bischoff and another woman inside. After obtaining a search warrant, the police found hypodermic needles, digital scales, and a glass smoking pipe in Bischoff's bag. Bischoff then directed the police to a container of multiple baggies of meth weighing a total of 31.67 grams. Tr. p. 31.

[3] The State charged Bischoff with four counts: Count I, Level 2 felony dealing in methamphetamine (enhanced from a Level 5 felony because the amount of the drug was at least ten grams); Count II, Level 3 felony possession of methamphetamine (enhanced from a Level 6 felony because the amount of the drug was at least twenty-eight grams); Count III, Level 6 felony possession of a hypodermic needle; and Count IV, Class C misdemeanor possession of paraphernalia. Thereafter, the State and Bischoff entered into a plea agreement

whereby Bischoff would plead guilty to Count I, reduced to a Level 3 felony (at least five grams), and the State would dismiss Counts II-IV. Sentencing was left to the discretion of the trial court.

[4] At sentencing, the thirty-seven-year-old Bischoff testified that when she was arrested in this case, she had been using three to five grams of meth every day for three years and that being arrested that December day "sav[ed] [her] life." *Id.* at 20. She explained that in the 292 days she had been in jail awaiting resolution of this case, she had "sober[ed] up" and gained weight, and her memory was coming back. *Id.* at 21. She asked the trial court for "a chance to get better [and] to get help." *Id.*

[5] The trial court identified four aggravators: (1) Bischoff had over thirty grams of meth, which was "far in excess" of what was required to prove the Level 3 felony (at least five grams) and entitled to "substantial weight"; (2) Bischoff was on probation for Class A misdemeanor domestic battery when she committed the offense in this case, which was entitled to "substantial weight"; (3) Bischoff did not express remorse during her PSI interview (although she appeared to express "genuine remorse" at the sentencing hearing), which was entitled to "only slightly aggravating" weight; and (4) Bischoff has a criminal history (misdemeanor disorderly conduct, OWI, and domestic battery), which was entitled to "only slightly aggravating" weight because it was "unrelated and misdemeanant in nature." Appellant's App. Vol. II p. 40. The trial court did not identify any mitigators. It acknowledged that Bischoff pled guilty but found that the plea agreement—specifically, the reduced charge for Count I—"greatly

reduced [her] prison exposure." *Id.* The court sentenced Bischoff to fourteen years, with two years suspended to probation.

[6] Bischoff now appeals her sentence.

# Discussion and Decision

[7] Bischoff contends that her sentence is inappropriate and asks us to revise it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Because we generally defer to the judgment of trial courts in sentencing matters, defendants bear the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[8] Regarding the nature of the offense, Bischoff pled guilty to a Level 3 felony, for which the sentencing range is three to sixteen years with an advisory sentence of nine years. *See* Ind. Code § 35-50-2-5(b). However, she very well could have been convicted of a Level 2 felony, for which the sentencing range is ten to thirty years with an advisory sentence of seventeen-and-a-half years. Ind. Code

§ 35-50-2-4.5. Indiana Code section 35-48-4-1.1 provides that a person who possesses at least ten grams of methamphetamine with intent to deliver commits a Level 2 felony. Bischoff had more than thirty grams of meth. Indeed, "Bischoff does not dispute that she was in possession of methamphetamine in an amount far greater than necessary to prove her offense." Appellant's Br. p. 10. Bischoff's fourteen-year sentence with two years suspended to probation is not inappropriate in light of the nature of her offense.

[9] As for Bischoff's character, we acknowledge that she has "a limited misdemeanor criminal history bearing no relation to the offense for which she was convicted." *Id.* at 11-12. But she was on probation for domestic battery at the time of this offense. And although Bischoff has no prior felony convictions, she admitted using three to five grams of meth every day for three years. It is likely fortuitous that she was not arrested before this incident. Finally, while it is true that Bischoff appeared to express remorse at the sentencing hearing, the trial court found that this expression was offset by her statements in the PSI that she was simply "in the wrong place at the wrong time." Appellant's App. Vol. II pp. 27, 40. Bischoff has failed to persuade us that her sentence of fourteen years with two years suspended to probation is inappropriate under the circumstances.

[10] Affirmed.

Mathias, J., and Crone, J., concur.