## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2019, 5:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Corina M. Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 22, 2019

Court of Appeals Case No.
18A-CR-2214

Appeal from the
Tippecanoe Superior Court

The Honorable
Steven Meyer, Judge

Trial Court Cause No.
79D02-1706-F2-13

**Vaidik, Chief Judge.**

## Case Summary

[1] Corina M. Smith appeals her sentence for Level 2 felony conspiracy to commit dealing in methamphetamine and for being a habitual offender. We affirm in part and reverse and remand in part.

# Facts and Procedural History

[2] Smith and her boyfriend-turned-husband Kyle Balser committed a rash of drug crimes in late 2016 and early 2017, as we touched on in a 2018 decision addressing an appeal by Balser. *See Kyle L. Balser v. State*, Case No. 18A-CR-473 (Ind. Ct. App. Aug. 29. 2018). In September 2016, Balser was an inmate in the Tippecanoe County Jail, and Smith was caught mailing him a strip or strips of Buprenorphine, a controlled substance. In December 2016, Smith and Balser were arrested in White County after being pulled over and found with methamphetamine, a large amount of cash, and a gun. This arrest led to Smith (and Balser) being charged with Level 2 felony dealing in methamphetamine in January 2017. *See* Case No. 91D01-1701-F2-19 (Smith); *see also* Case No. 91D01-1701-F2-17 (Balser).

[3] The White County incident also prompted the Tippecanoe County Drug Task Force to begin an investigation of Smith and Balser. What the Task Force discovered was that Smith and Balser were involved in a conspiracy to import large amounts of methamphetamine from Texas and Mexico for distribution in Indiana. Smith's involvement was minimal at the beginning but increased as time went on, especially after Balser went back to jail in January 2017. In February, officers intercepted a package of methamphetamine bound for

Smith's residence. On February 20, officers conducted a controlled delivery of the methamphetamine to Smith's residence. Smith answered the door and accepted the package. In a subsequent search, officers found additional methamphetamine, a strip of Buprenorphine, digital scales, and stamp baggies. Smith was taken into custody and, when interviewed, said that she and Balser had received four to five kilograms of methamphetamine since the fall of 2016.

[4] Notwithstanding this evidence, the State did not immediately charge Smith, and she was released from jail on February 24, 2017. One week later, she committed Level 6 felony theft and Class A misdemeanor false government identification in Tippecanoe County. She pled guilty to those charges in May 2017 and in June 2017 was sentenced to two-and-a-half years in prison. *See* Case No. 79D05-1703-F6-216.

[5] On June 30, 2017, the State charged Smith with the following in relation to the distribution operation: Level 2 felony conspiracy to commit dealing in methamphetamine (at least ten grams); Level 2 felony dealing in methamphetamine (at least ten grams); Level 4 felony possession of methamphetamine (at least ten grams); Class A misdemeanor possession of a controlled substance (Buprenorphine); and Class C misdemeanor possession of paraphernalia (pipes, straws, or other devices). The State also charged Smith with being a habitual offender based on prior felony convictions.

[6]     Three weeks later, on July 21, 2017, the State charged Smith with Level 5 felony trafficking with an inmate based on sending the Buprenorphine to Balser in September 2016. *See* Case No. 79D02-1707-F5-85.

[7]     At that point, then, Smith had three cases pending: this case (the conspiracy case); (2) the trafficking case, F5-85; and (3) the White County case. Smith pled guilty to Level 4 felony dealing in methamphetamine in the White County case in October 2017 and in November 2017 was sentenced to seven years in prison. She did not appeal that sentence. Then, in June 2018, Smith and the State entered into a plea agreement under which Smith agreed to plead guilty to Level 2 felony conspiracy to commit dealing in methamphetamine and to being a habitual offender in this case and to plead guilty as charged in F5-85, with sentencing left to the discretion of the trial court. In this case, the trial court imposed a sentence of twenty-eight years—a base sentence of twenty years plus an eight-year habitual-offender enhancement. In F5-85, the court sentenced Smith to five years, to run consecutive to the twenty-eight years in this case.

[8]     Smith has separately appealed her sentences in this case and in F5-85. In this memorandum decision, we address Smith's twenty-eight-year sentence for conspiracy to commit dealing in methamphetamine and the order for consecutive sentences. In another memorandum decision issued today, we affirm Smith's five-year sentence in F5-85. *See Corina M. Smith v. State*, 18A-CR-2258 (Ind. Ct. App. Apr. 22, 2019).

# Discussion and Decision

## I. Inappropriate Sentence

[9] Smith contends that her twenty-eight-year sentence is inappropriate and asks us to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[10] We begin by noting that Smith's sentence, while lengthy, could have been much longer. The sentencing range for a Level 2 felony is ten to thirty years, with an advisory sentence of seventeen-and-a-half years, Ind. Code § 35-50-2-4.5, and the habitual-offender-enhancement range for a person convicted of a Level 1 through Level 4 felony is six to twenty years, Ind. Code § 35-50-2-8. As such, Smith could have been sentenced to as much as fifty years. She was

sentenced to just over half of that. We consider her arguments with this fact in mind.

[11] As for the nature of Smith's offense, this was no run-of-the-mill drug deal. Smith conspired with Balser for many months to import several kilograms of methamphetamine from Texas and Mexico. The operation involved numerous parties and tens of thousands of dollars. When Balser went to jail in January 2017, Smith stayed in touch with him, facilitating his continued involvement in the operation, but also took on more of an active role herself. During the sentencing hearing, the lead investigator in this case testified that Smith and Balser's operation "was probably the biggest to date that I've seen." Tr. p. 85. Smith's sentence is not inappropriate in light of the nature of her offense.

[12] Turning to Smith's character, her substantial sentence is also supported by her extensive criminal history, which she fails to discuss beyond noting that it is "non-violent." Appellant's Br. p. 15. The pre-sentence investigation report, the accuracy of which Smith does not contest, reveals the following. As a teenager, she was adjudicated a delinquent and eventually committed to the Indiana Girls' School for committing forgery, which would have been a felony if committed by an adult. In 1998, Smith was convicted of felony auto theft. In 1999, she was convicted of six counts of misdemeanor check deception. In 2004, she was convicted of five felonies: maintaining an illegal drug lab, possession of stolen property, and three counts of possession of methamphetamine. In 2011 and 2012, Smith had misdemeanor convictions for purchasing precursors and criminal trespass. And as already discussed, Smith

committed multiple additional felonies around the time of the conspiracy: Level 5 felony trafficking with an inmate (Tippecanoe County, September 2016); Level 4 felony dealing in methamphetamine (White County, December 2016); and Level 6 felony theft (Tippecanoe County, March 2017). Given this sustained history of felonies and other criminal conduct, we cannot say that Smith's sentence is inappropriate.

## II. Consecutive Sentences

[13] Smith also appeals the trial court's order for her sentence in this case to run consecutive to her sentence in F5-85. In ordering consecutive sentences, the trial court explained:

> And for the record, I'm, I'm running them consecutive for the reason that the, that the Conspiracy to Deal was committed after she was arrested for the Trafficking [F5-85]. So, she was out on bond on that plus I believe she was out on Probation for some other offenses when she, when she committed these offenses. But, I think it's appropriate to run them consecutive for that reason, for the record.

Tr. p. 108. Smith correctly points out that she was not out on bond in F5-85 while she was participating in the conspiracy underlying this case. She was arrested for the conspiracy on February 20, 2017, and while she committed the trafficking in September 2016, she was not arrested for it until March 2017. Appellant's App. Vol. II p. 128. The State acknowledges this but argues that the trial court would have imposed consecutive sentences regardless of the timing of the crimes and that therefore we should affirm the consecutive

sentences. The State emphasizes the trial court's statement that Smith "was out on bond on that **plus I believe she was out on Probation for some other offenses when she, when she committed these offenses**." Tr. p. 108. However, the State does not tell us when Smith was on probation or what she was on probation for. According to the pre-sentence investigation report, she might have been on probation in early 2017 for misdemeanor possession of marijuana. We cannot say with confidence that this fact alone would have led the trial court to order consecutive sentences in this case and F5-85. Therefore, we reverse the imposition of consecutive sentences and remand this matter to the trial court for reconsideration of the issue. If the court orders concurrent sentences this time around, it will have to amend the sentencing order and the abstract of judgment in both this case and F5-85.

## III. Fine and Costs

[14] In addition to the prison sentence, the trial court imposed a $5,000 fine and ordered Smith to pay certain costs. Smith notes that the court was required to "conduct a hearing to determine whether [she] is indigent," Ind. Code § 35-38-1-18 (fines), Ind. Code § 33-37-2-3 (costs), and argues that the court failed to do so. She acknowledges that the court conducted an "indigency inquiry" for purposes of appointing appellate counsel but asserts that it was required to conduct a "separate" indigency hearing regarding the fine and costs. Appellant's Br. p. 17. However, she does not ask us to remand for such a "separate" hearing. Rather, she contends that "the record in this case is sufficient for this Court to conclude that . . . [she] is indigent for the purpose of

the imposed costs and fine" and asks us to "issue an opinion clarifying that [she] is indigent for the purposes of costs and her fine." *Id.* at 18-19. We so clarify: the trial court's finding that Smith is indigent applies to the fine and costs.

Affirmed in part and reversed and remanded in part.

Kirsch, J., concurs.

Altice, J., dissents with separate opinion.

Corina M. Smith,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

Court of Appeals Case No.
18A-CR-2214

**Altice, Judge, dissenting in part.**

[16]   The majority correctly determined that Smith's twenty-eight-year sentence is not inappropriate.  Where I part ways with the majority is in the reversal of the imposition of consecutive sentences.

[17]   The trial court expressly found that it was appropriate to run the sentence in this case (the Conspiracy Offense) consecutive to the sentence in F5-85 (the Trafficking Offense) because Smith committed the Conspiracy Offense (1) after being arrested for the Trafficking Offense, (2) while out on bond, and (3) while on probation.  Indeed, the trial court mistakenly indicated that Smith was out on bond for the Trafficking Offense when she committed the Conspiracy Offense.  The record reveals that although Smith was interrogated by a

detective shortly after she committed the Trafficking Offense, she was not arrested in that case until after the Conspiracy Offense. The record, however, makes clear that Smith was out on bond in White County on a dealing methamphetamine charge at the time she committed the Conspiracy Offense. Additionally, the State indicated at sentencing that Smith was also out on bond in Carroll County on charges of check deception at the time she committed the Conspiracy Offense. Moreover, the presentence investigation report and the sentencing transcript reveal that Smith was on probation for another drug offense when she committed the Conspiracy Offense.

[18] Smith's intricate web of criminal offenses made it difficult to untangle the precise timeline of each. The trial court spent significant time during the sentencing hearing attempting to determine when Smith was out on bond or on probation in her various other cases. Despite the trial court's errant reference to her being on bond for the Trafficking Offense, it remains clear that Smith was out on bond in one or two other counties at the time she committed the instant offense and was serving probation in another case. On this record, I believe remand is unnecessary because we can say with confidence that the trial court would have imposed the same sentence. *See Vega v. State*, 119 N.E.3d 193, 203 (Ind. Ct. App. 2019) ("where the trial court abuses its discretion in sentencing a defendant, we need not remand for resentencing if we can 'say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record'") (quoting *Anglemyer v.*

*State*, 868 N.E.2d 482, 491 (Ind.), *clarified on reh'g other grounds*, 875 N.E.2d 218 (2007)).  Therefore, I respectfully dissent from part II of the majority opinion.