## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 18 2019, 9:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Kiesler
Kiesler Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason D. Crowder, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 18, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-2106 <br><br> Appeal from the Orange <br> Circuit Court <br><br> The Honorable <br> Steven L. Owen, Judge <br><br> Trial Court Cause No. <br> 59C01-1802-F4-131 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Jason D. Crowder pled guilty to burglary and theft, and the trial court sentenced him to a total term of twelve years. He now appeals, arguing that his sentence is inappropriate in light of the nature of the offenses and his character. We disagree and affirm.

# Facts and Procedural History

[2] On February 5, 2018, officers from the Paoli Police Department were dispatched to Todd Copeland's home on a report of a burglary. After arriving, Copeland walked the officers through his home and pointed out items that had been disturbed and stolen, including Copeland's motorcycle and deceased son's wallet. Copeland told the officers that all the rooms in the home had been ransacked. Crowder was later arrested, and a gift card signed by Copeland was found on him.

[3] The State charged Crowder with Level 4 felony burglary, Level 6 felony theft, and Level 6 felony auto theft. The State also alleged that Crowder was a habitual offender. Thereafter, the State and Crowder entered into a plea agreement under which Crowder would plead guilty to burglary and theft, and the State would dismiss the auto-theft charge and the habitual-offender allegation. Appellant's App. Vol. II p. 85. Sentencing was left to the discretion of the trial court with the requirement that the sentences run concurrently. *Id.*

[4] At the sentencing hearing, the trial court identified the following aggravators: (1) Crowder had an extensive criminal history, including four prior felonies and numerous misdemeanors and (2) Crowder had violated his probation twice. As a mitigating factor, the court found that Crowder pled guilty and took responsibility for his actions; however, the court noted that Crowder benefited from the plea agreement. Finding that the aggravators "greatly outweigh" the mitigators, the trial court sentenced Crowder to concurrent terms of twelve years for burglary and two-and-a-half years for theft. Tr. p. 16.

[5] Crowder now appeals his sentence.

# Discussion and Decision

[6] Crowder contends that his twelve-year sentence is inappropriate and asks us to revise it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of

persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[7]     Although Crowder pled guilty to two crimes, his plea agreement required concurrent sentences, so the sentencing range he faced was that of his more serious offense, Level 4 felony burglary. The sentencing range for a Level 4 felony is two to twelve years with an advisory sentence of six years. Ind. Code § 35-50-2-5.5. The trial court imposed the maximum sentence of twelve years. Crowder asks us to reduce his sentence to the advisory term of six years. We decline to do so.

[8]     With respect to the nature of the offense, Crowder argues that his burglary was "no more egregious than the typical [b]urglary." Appellant's Br. p. 11. The State asserts the burglary "was far from typical," as Crowder ransacked the undisturbed room of Copland's deceased son. Appellee's Br. p 10. While there is no evidence that Crowder knew that he was ransacking the room of Copeland's deceased son, he does not dispute that he ransacked the house, conduct that goes beyond the basic elements of burglary.

[9]     In any event, Crowder's criminal history by itself supports a twelve-year sentence in this case. Crowder has been convicted of four felonies and ten misdemeanors and has two probation violations. Appellant's App. Vol. II. pp. 93-96. Although Crowder notes that none of his convictions are for violent offenses, these convictions are his fifth and sixth felony convictions. Further, as a result of Crowder pleading guilty, the State did not pursue a habitual-offender

enhancement, which could have resulted in as many as twenty additional years in prison. *See* Ind. Code § 35-50-2-8(i). Given Crowder's criminal history paired with the favorable plea agreement he received, we cannot say that his sentence of twelve years is inappropriate.

[10] Affirmed.

Kirsch, J., and Altice, J., concur.