## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2019, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Teresa Thornton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 26, 2019

Court of Appeals Case No.
19A-CR-513

Appeal from the
Ripley Circuit Court

The Honorable
Jeffrey Sharp, Special Judge

Trial Court Cause No.
69C01-1804-F5-18

**Vaidik, Chief Judge.**

# Case Summary

[1] Teresa Thornton pled guilty to Level 5 felony dealing in a narcotic drug and being a habitual offender, and the trial court sentenced her to ten years. She now appeals, arguing that her sentence is inappropriate in light of the nature of the offense and her character. We disagree and affirm.

# Facts and Procedural History

[2] At the end of 2016, Thornton pled guilty to Level 2 felony dealing in a narcotic drug in Dearborn County. The court imposed a sentence of thirty years, with six years to be served on home detention and twenty-four years suspended to probation.

[3] On March 16, 2018, while Thornton was still serving that home-detention sentence, Patty Napier told Indiana State Police troopers that Thornton had sold her five oxycodone pills. Later that day, a search warrant was issued and executed at Thornton's home, and troopers found prescription oxycodone bottles and pills. Troopers interviewed Thornton, and she admitted that she trades pills for money or other pills.

[4] The State charged Thornton with Level 5 felony dealing in a schedule I, II, or III controlled substance, Level 5 felony dealing in a narcotic drug, and Level 6 felony maintaining a common nuisance. The State also alleged that Thornton is a habitual offender. Thereafter, the State and Thornton entered into a plea agreement under which Thornton would plead guilty to Level 5 felony dealing

in a narcotic drug and the habitual-offender allegation in exchange for dismissal of the remaining charges and eligibility to enroll in the Purposeful Incarceration program while at the Indiana Department of Correction. Sentencing was left to the discretion of the trial court.

[5] At the sentencing hearing, the trial court identified the following aggravators: (1) Thornton has an extensive criminal history spanning thirty-three years, including seven felony convictions, nine misdemeanor convictions, and six probation violations; (2) Thornton committed the present offense while on home detention for a similar, serious offense;[1] and (3) Thornton was found to be at a high risk to reoffend. As a mitigating factor, the court recognized that Thornton pled guilty and took responsibility for her actions. The court found that the aggravators outweigh the mitigator and sentenced Thornton to ten years—six years plus a four-year habitual-offender enhancement. The court stated that "[i]f [Thornton] successfully completes the Purposeful Incarceration Program, according to the Plea Agreement, she is entitled to petition to have that sentence modified and the State will remain silent on that modification." Tr. p. 55.

[6] Thornton now appeals her sentence.

---

[1] At the sentencing hearing, the judge actually said that Thornton committed this offense "while on probation" for the Dearborn County conviction. Tr. p. 53. However, she had not yet been released to probation in that case when she committed this offense; she was still serving the executed (home detention) portion of her sentence. *See* Request for Home Detention Violation and Motion to Convert Hearing, 15D02-1511-FA-000033 (Mar. 27, 2018).

# Discussion and Decision

[7] Thornton contends that her ten-year sentence is inappropriate and asks us to revise it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[8] The sentencing range for a Level 5 felony is one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6. For a person convicted of a Level 5 felony, the sentencing range for a habitual-offender enhancement is two to six years. Ind. Code § 35-50-2-8(i)(2). As such, Thornton was facing a maximum sentence of twelve years. The trial court sentenced her to ten years.

[9] Regarding the nature of her offense, we agree with Thornton that this is a typical case of dealing drugs. However, Thornton's decades-long criminal history by itself more than justifies her ten-year sentence. According to the pre-

sentence investigation report, the accuracy of which Thornton does not challenge, she has been convicted of seven prior felonies (operating a vehicle as a habitual-traffic violator, battery resulting in serious bodily injury, habitual-traffic violator after suspension for life, operating while intoxicated, habitual-traffic offender, operating a vehicle while intoxicated, and dealing in a narcotic drug) and nine misdemeanors and has six probation violations. Appellant's App. Vol. III pp. 5-10. Additionally, she was actively serving her home-detention sentence for a similar dealing conviction when she committed the present offense. She was also given eligibility to enroll in the Purposeful Incarceration program, which if completed may result in a sentence modification. Based on Thornton's criminal history, the fact that she committed the present offense while still serving the executed portion of her sentence for a similar dealing conviction, the fact that she did not receive the maximum sentence here, and the fact that she may get her sentence modified down the road, we cannot say that her ten-year sentence is inappropriate.

[10] Affirmed.

Kirsch, J., and Altice, J., concur.