## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2019, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Vo Sherman
Certified Legal Intern

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Frederick Tickle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 5, 2019

Court of Appeals Case No.
19A-CR-622

Appeal from the
Decatur Superior Court

The Honorable
Matthew D. Bailey, Judge

Trial Court Cause No.
16D01-1706-F6-623

**Vaidik, Chief Judge.**

# Case Summary

[1] Frederick Tickle pled guilty to Level 6 felony operating a vehicle while intoxicated (OWI) with a prior OWI conviction, Level 6 felony operating a vehicle as a habitual traffic violator, and being a habitual vehicular substance offender (HVSO). Tickle now appeals, arguing that his five-year sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] Around 11 a.m. on June 23, 2017, Greensburg Police Department Officer Casey Jones was on patrol at the intersection of East Main Street and South Michigan Avenue when he saw a gray Chevrolet drive east through the intersection. Officer Jones saw the car drift left of center and that another car traveling west had to swerve to avoid a head-on collision. The driver, later identified as Tickle, then drove over a curb, into the grass, and onto a sidewalk. By then, Officer Jones had activated his emergency lights and followed Tickle. Tickle continued down the street and drove into a residential driveway. He then crossed the driveway and crashed into some bushes and trees near the driveway. Eventually, Officer Jones apprehended Tickle and discovered that Tickle's driving status was "conditional." Appellant's App. Vol. II p. 15. That is, Tickle's driver's license was suspended for being a habitual traffic violator, but he could drive to and from work. Officer Jones saw that Tickle was disoriented and suspected that he was suffering from a medical issue. EMS

arrived and took Tickle to the hospital for further evaluation. At the hospital, Tickle tested positive for amphetamine, cocaine, and marijuana.

[3] The State charged Tickle with Level 6 felony OWI with a prior OWI conviction in July 2014 and Level 6 felony operating a vehicle as a habitual traffic violator. The State also alleged that Tickle is an HVSO based on February 2008 and September 2013 OWI convictions. In July 2018, Tickle pled open, i.e., without the benefit of a plea agreement, to all three charges. *See* Tr. p. 8. At the guilty-plea hearing, the trial court became concerned about Tickle's competency after he made some "incoherent" statements. *Id.* at 22. Thereafter, the trial court ordered a competency evaluation. During the evaluation, Tickle's medical records were reviewed and revealed that when he was eighteen years old, he was involved in a serious car accident. He was in a coma for two months and required surgery to repair brain damage that had occurred. After Tickle recovered, he continued to experience symptoms caused by his brain injury and was diagnosed as having mild neurocognitive disorder, alcohol-use disorder, cannabis-use disorder, and stimulant-use disorder. *See* Appellant's App. Vol. II p. 53. In November 2018, the trial court found that although he previously suffered a traumatic brain injury, the now fifty-year-old Tickle was competent. *See id.* at 33.

[4] In February 2019, the trial court accepted Tickle's guilty plea and held a sentencing hearing. At the hearing, the trial court identified one aggravator: Tickle's long history of drunk driving. The pre-sentence investigation report revealed that Tickle had five prior OWIs and that in each case he was ordered

to complete a treatment program as part of his sentence. Regarding mitigators, the trial court considered Tickle's guilty plea and his past rehabilitation efforts, including efforts he made through Center Stone and Celebrate Recovery, and that in May 2018 he completed Vocational Rehab. The trial court sentenced him to five years for OWI with a prior OWI conviction (one year plus four years for being an HVSO) and a concurrent term of one year for operating a vehicle as a habitual traffic violator, with four-and-a-half years executed and 180 days suspended to probation.

[5] Tickle now appeals his sentence.

# Discussion and Decision

[6] Tickle contends that his five-year sentence is inappropriate and asks us to revise it to all "home detention." Appellant's Br. p. 9. Under Indiana Appellate Rule 7(B), this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of

persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[7] The parties dispute what sentence Tickle faced, but it was at least ten-and-a-half years and as much as twelve years. In any event, Tickle concedes that his sentence "falls well short of the maximum sentence in this case." Appellant's Br. p. 11. With regard to the nature of the offenses, Tickle, who had a conditional license, consumed amphetamine, cocaine, and marijuana and then drove into oncoming traffic, over sidewalks, and through residential yards before crashing into bushes and trees.

[8] As for Tickle's character, Tickle concedes that his criminal history is "terrible." Tr. p. 22. Indeed, his PSI shows that this is his sixth OWI offense. But he claims that his criminal history "is directly related to his mental health issues." Appellant's Br. p. 12. However, previous courts have given him numerous opportunities to address his mental-health issues by ordering alternative sentences that included treatment and rehabilitation. For example, in his five previous OWI cases, Tickle was ordered to complete four separate court-ordered treatment programs. We understand that the brain injury Tickle suffered when he was eighteen years old has caused hardship in his life, but the trial court considered the efforts he made through Center Stone and Celebrate Recovery and that he recently completed Vocational Rehab as a mitigating factor when it determined his sentence. As such, we cannot say that Tickle's sentence is inappropriate.

[9] Affirmed.

Riley, J., and Bradford, J., concur.