

FILED

Jul 11 2025, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Ethane Potts,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

July 11, 2025

Court of Appeals Case No.
24A-CR-2072

Appeal from the St. Joseph Superior Court

The Honorable David L. Francisco, Judge

Trial Court Cause No.
71D02-2309-F3-52

---

**Opinion by Judge Vaidik**
Judges Bailey and DeBoer concur.

**Vaidik, Judge.**

# Case Summary

[1] Ethane Potts was convicted of one count of rape by sexual intercourse and one count of rape by "other sexual conduct" after forcing his victim—the mother of his children—to perform oral sex on him and then having sexual intercourse with her against her will. He argues that these two convictions for two forms of rape under the rape statute constitute double jeopardy. To establish double jeopardy, he must show, in part, that one offense was "included" in the other, either "inherently" or "as charged," or that the charging information was ambiguous as to whether one offense was included in the other. But as explained below, sexual intercourse and "other sexual conduct" are mutually exclusive acts, so one can **never** be included in the other, either inherently or as charged. We therefore affirm both of Potts's convictions. We also affirm his sentence of 22 years, with 18 years to serve and 4 years suspended to probation.

# Facts and Procedural History

[2] The evidence most favorable to the convictions and sentence is as follows. Potts and his victim, L.B., began dating in approximately 2017, during their freshman year of high school. They had an "on again off again" relationship over the next several years, Tr. Vol. II p. 237, and they have two young children.

[3] Potts and L.B. last had consensual sex in early July 2023, but by July 24 they had broken up and begun seeing other people. That day, L.B. was at work when she heard that Potts had impregnated another woman. She and Potts

began a long text-message exchange in which Potts denied the report but accused L.B. of cheating on him, and L.B. repeatedly asked Potts to leave her alone and told him that their relationship was over and "[t]here is no make up." Exs. 2-38. When L.B. acknowledged that she had "hooked up" with someone, Potts threatened to do "some crazy s***" if she didn't tell him who it was. Exs. 40-43. After L.B. named the man, Potts insisted that he would see her later despite her unwillingness to see him. Exs. 43-46. Potts added, "[Y]ou're gonna get f***ed[.]" Ex. 46. When L.B. continued to refuse to see him, Potts said again, "I'm gonna f*** you[.]" Exs. 47-48. L.B. finally agreed to meet Potts outside during a short break at work because she was afraid that he would come inside and make a scene that would cause her to lose her job. A co-worker noticed that L.B. "seemed panicky, kind of frantic," and nervous. Tr. Vol. II pp. 151-52. L.B. wanted to meet in a public place, but Potts insisted that she get in his car when he arrived, and she complied.

[4]     Potts drove to a nearby parking garage. He wanted L.B. to give him oral sex, which she refused to do multiple times. *Id.* at 111-12. Despite L.B. physically resisting, Potts eventually forced her mouth onto his penis for a short time. Potts then made L.B. remove her pants and had sexual intercourse with her in the passenger seat, as L.B. asked him to get off her. When Potts was finished, he returned to the driver's seat while L.B. cried. L.B. asked Potts if he "realized what he did," and Potts acknowledged that he "forced himself" on her. *Id.* at 119. He said it would have been "really f***ed up" if he had done that to "a

random person" but that this was "just [her]." *Id.* at 120. The visit to the parking garage lasted 20 minutes.

[5] Potts drove L.B. back to work. When she went inside, she looked "[p]etrified" and was shaking, and her clothes were "messed up." *Id.* at 152-53. L.B. told her co-worker that Potts had raped her. Later that afternoon, Potts texted L.B. that he was going to pick up their son from the babysitter. L.B. responded, "Do you not realize what you just did?" and "Like what in your right mind told you that you could do that to me[?]" Exs. 57-58. When Potts claimed not to know what she was talking about, L.B. told him that she had spent the last hour and a half crying and "trying to decide whether to report it[.]" Ex. 58. Potts responded with a series of messages urging L.B. not to report him, warning that if she did, her children would lose their father forever. Exs. 58-64. That night, L.B. went to a hospital, reported the assault, and submitted to a sexual-assault examination.

[6] The State charged Potts with four counts of Level 3 felony rape under Indiana Code section 35-42-4-1, which provides that rape can be committed by sexual intercourse or by "other sexual conduct." Of the four counts against Potts, two were based on the act of sexual intercourse and two were based on the act of "other sexual conduct" (Potts forcing L.B. to perform oral sex on him):

> Count I: [Potts] did knowingly have sexual intercourse with [L.B.] when [L.B.] attempted to physically, verbally, or by other visible conduct refuse [Potts's] act.

> Count II: [Potts] did knowingly cause [L.B.] to perform or submit to other sexual conduct [when L.B.] attempted to physically, verbally, or by other visible conduct refuse [Potts's] act.
>
> Count III: [Potts] did knowingly have sexual intercourse with [L.B.] when such person was compelled by force or the imminent threat of force.
>
> Count IV: [Potts] did knowingly cause [L.B.] to perform o[r] submit to other sexual conduct when such person was compelled by force or the imminent threat of force.

Appellant's App. Vol. II pp. 13-14.

[7] A jury trial was held in July 2024. Potts admitted to engaging in sexual activity with L.B. but claimed it was all consensual. The jury disagreed and found Potts guilty as charged. When the court ordered Potts remanded into custody pending sentencing, he tried to run out of the courtroom and had to be subdued by court security.

[8] At the sentencing hearing, the court and the parties agreed that four rape convictions would constitute double jeopardy but that two convictions—one for sexual intercourse and one for "other sexual conduct" (oral sex)—would not. The court entered convictions on Count I and Count IV.

[9] In sentencing Potts on those two counts, the trial court found his criminal history to be an aggravating circumstance. Potts has prior misdemeanor convictions for criminal mischief, possession of marijuana, and possession of paraphernalia. L.B. was the victim of the criminal mischief, and Potts was on

probation for the marijuana and paraphernalia convictions when he committed these offenses. The court also found the nature and circumstances of the offenses to be aggravating, including Potts "gaslighting [L.B.] and attempting to emotionally manipulate her, through the children, to not report his criminal conduct." *Id.* at 179. The court found several mitigating circumstances: Potts's young age (he was 21 at the time of sentencing); "the many character letters submitted by [his] friends and family which indicate a strong support system"; his employment history; and "all other statements offered by defense counsel and [Potts] himself." *Id.*

[10] Finding the aggravators to outweigh the mitigators, the court sentenced Potts to 11 years, with 2 years suspended to probation, for each count. The court ordered the sentences to run consecutively, for a total sentence of 22 years, with 18 years to be served in the Department of Correction and 4 years suspended to probation.

[11] Potts now appeals.

## Discussion and Decision

### I. Potts's convictions do not constitute double jeopardy

[12] Potts first contends that his two rape convictions constitute double jeopardy under Indiana law. As noted above, he told the trial court the opposite. The State argues that Potts therefore invited any error and cannot now be heard to complain. We don't need to reach this issue because there is clearly no double-jeopardy violation.

[13] Under Count I, Potts was charged with and convicted of rape by sexual intercourse. Under Count IV, Potts was charged with and convicted of rape by "other sexual conduct" (for forcing L.B. to perform oral sex on him). Because the convictions are for two forms of rape under the rape statute, we determine whether there is double jeopardy by applying the three-step test established in *Wadle v. State*, 151 N.E.3d 227 (Ind. 2020), and modified in *A.W. v. State*, 229 N.E.3d 1060 (Ind. 2024). But we need only address the second step, at which Potts must show that one of his offenses was "included" in the other, either "inherently" or "as charged," or at least that the charging information was ambiguous as to whether one offense was included in the other. *A.W.*, 229 N.E.3d at 1066-71. Sexual intercourse can never be included in "other sexual conduct," or vice versa, either inherently or as charged. "Sexual intercourse" is defined as "an act that includes any penetration of the female sex organ by the male sex organ." Ind. Code § 35-31.5-2-302. "Other sexual conduct," on the other hand, is defined as "an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." I.C. § 35-31.5-2-221.5. Therefore, "sexual intercourse and other sexual conduct are mutually exclusive material elements of rape[.]" *Stone v. State*, 226 N.E.3d 829, 834 (Ind. Ct. App. 2024), *trans. denied*. And we have consistently held that rape by sexual intercourse and rape by "other sexual conduct" are two separately punishable acts, even when perpetrated close in time. *See id.*; *see also Thompson v. State*, 246 N.E.3d 1251, 1254-56 (Ind. Ct. App. 2024). Potts has not shown a double-jeopardy violation.

## II. Potts's sentence is not inappropriate

Potts also asks us to reduce his sentence under Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The court's role under Rule 7(B) is to "leaven the outliers," and "we reserve our 7(B) authority for exceptional cases." *Faith v. State*, 131 N.E.3d 158, 160 (Ind. 2019). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants must persuade us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

Potts was convicted of two counts of Level 3 felony rape. The sentencing range for a Level 3 felony is 3 to 16 years, with an advisory sentence of 9 years. I.C. § 35-50-2-5(b). And because rape is a crime of violence, Potts could have received consecutive maximum sentences, totaling 32 years. *See* I.C. § 35-50-1-2. The trial court sentenced him to 22 years, with 18 years to serve and 4 years suspended to probation.

[16] As to the nature of the offenses, Potts argues that he "has been punished multiple times for what is essentially the same criminal act." Appellant's Br. p. 18. But as discussed above, rape by sexual intercourse and rape by "other sexual conduct" are separate criminal acts even when committed during a single episode. To treat the two acts as one would depreciate the seriousness of each. *See Cardwell*, 895 N.E.2d at 1225 (noting that "additional criminal activity directed to the same victim should not be free of consequences"). And there are other troubling facts. Potts's victim is the mother of his young children. He apparently raped her merely because she was trying to move on from their relationship. Before the assault, Potts sent her threatening text messages and demanded to see her despite her resistance. After the assault, Potts demeaned her as she cried and then tried to persuade her not to report the assault by invoking the potential impact on their children. Nothing about the nature of the offenses makes Potts's sentence inappropriate.

[17] As for his character, Potts notes that he was "a hardworking, dedicated, and loyal employee in his plumbing apprenticeship," he was only 20 years old at the time of the offenses, he has two young children, and his only prior convictions were misdemeanors. Appellant's Br. p. 19. But several facts reflect poorly on his character. L.B. testified that Potts wasn't providing any financial support for the children. Also, while Potts has no prior felony convictions, L.B. was the victim of one of his misdemeanors (criminal mischief), and Potts was on probation for the other misdemeanors when he committed these offenses. Finally, when Potts was ordered into custody pending sentencing, he tried to flee the courtroom.

(He has since pled guilty to Level 5 felony attempted escape for that act. *See* Cause No. 71D03-2407-F4-37.)

[18] Potts has failed to persuade us that his sentence is an outlier in need of revision.

[19] Affirmed.

Bailey, J., and DeBoer, J., concur.

ATTORNEYS FOR APPELLANT

James H. Voyles, Jr.
Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

Ellen Meilaender
Deputy Attorney General
Indianapolis, Indiana